THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, THE STATES OF ALASKA, CALIFORNIA, COLORADO, CONNECTICUT, DELAWARE, THE DISTRICT OF COLUMBIA, FLORIDA, GEORGIA, HAWAII, ILLINOIS, INDIANA, IOWA, LOUISIANA, MARYLAND, MASSACHUSETTS, MICHIGAN, MINNESOTA, MONTANA, NEVADA, NEW JERSEY, NEW MEXICO, NEW YORK, NORTH CAROLINA, OKLAHOMA, RHODE ISLAND, TENNESSEE, TEXAS, VERMONT, VIRGINIA, AND WASHINGTON, *ex rel.* OMNI HEALTHCARE, INC., <br><br> Plaintiffs, <br><br> v. <br><br> MD SPINE SOLUTIONS LLC, D/B/A MD LABS INC., DENIS GRIZELJ, MATTHEW RUTLEDGE, AND DOE HEALTHCARE PROVIDERS 1 – 100, <br><br> Defendants. | Civil Action No. 18-12558 <br><br> **Leave to File Granted on June 23, 2022 (ECF No. 100)** |

**DEFENDANTS' SUR-REPLY IN OPPOSITION TO THE RELATOR'S MOTION FOR ATTORNEY FEES, COSTS, AND EXPENSES AND IN SUPPORT OF CROSS-MOTION TO DEFER RULING ON THE RELATOR'S MOTION**

July 22, 2022

Alexander O. Canizares
Barak Cohen
Gary Campbell (BBO # 640961)
PERKINS COIE LLP
700 Thirteenth Street, N.W., Suite 800
Washington, D.C. 20005-3960
Telephone:     202.654.6200
Facsimile:     202.654.6211

*Attorneys for Defendants MD Spine Solutions LLC, d/b/a MD Labs Inc., Denis Grizelj, and Matthew Rutledge*

**TABLE OF CONTENTS**

**PAGE**

I.    **The Relator Offers No Persuasive Basis for Denying Our Request to Defer Deciding the Relator's Motion Pending Resolution of MD Labs & Owners' Motion to Dismiss** ................................................................................................ 1

II.    **The Relator Fails to Prove That its Claimed Fees, Costs, and Expenses Are Reasonable and Necessary Under 29 U.S.C. § 3730(d)(1)** ........................................... 2

III.   **The Relator's Request For Fees for Making This Motion Should Be Denied** ............ 5

# TABLE OF AUTHORITIES

**PAGE(S)**

**CASES**

*Bordanaro v. McLeod*,
   871 F.2d 1151, 1168 (1st Cir. 1989) ..................................................................................3

*Gay Officers League v. Puerto*
   247 F.3d 288, 299 (1st Cir. 2001) .....................................................................................2

*Lipsett v. Blanco*,
   975 F.2d 934, 937 (1st Cir. 1992) ..................................................................................2, 4

*Perez-Sosa v. Garland*,
   22 F.4th 312, 329-30 (1st Cir. 2022) .................................................................................3

*Pizzo v. Gambee*,
   796 F. Supp. 2d 270, 273 (D. Mass. 2011) .......................................................................4

*United States ex rel. Averback v. Pastor Med. Assocs. P.C.*,
   224 F. Supp. 2d 342, 351, 353 (D. Mass. 2002) ............................................................2, 3

**STATUTES**

29 U.S.C. 3730(d)(1) ..............................................................................................................1, 2

**RULES**

Fed. R. Civ. P. 54(d) ....................................................................................................................1

Pursuant to the Court's June 23, 2022 order, ECF No. 100, defendants MD Spine Solutions LLC, d/b/a MD Labs, Inc. ("MD Labs"), Denis Grizelj, and Matthew Rutledge (collectively, "MD Labs & Owners"), respectfully submit this sur-reply in opposition to the motion for expenses, attorney fees, and costs filed by the relator, Omni Healthcare, Inc. ("the relator" or "Omni"), ECF No. 91, and in response to the reply filed by the relator, ECF No. 105. Section 3730(d)(1) of the False Claims Act ("FCA") requires that prevailing relators seeking attorney fees, costs, and expenses establish—with admissible evidence—that their claimed costs are reasonable and necessary. Because the relator fails to discharge this burden, its motion should be denied or, at a minimum, its claim should be significantly discounted.

## ARGUMENT

**I.    The Relator Offers No Persuasive Basis for Denying Our Request to Defer Deciding the Relator's Motion Pending Resolution of MD Labs & Owners' Motion to Dismiss**

The relator argues that "the fact that OMNI's non-released claims are still pending is no justification at all for the Court to delay an award of fees to which the Relator is entitled under the law for successfully bringing claims against MD Labs . . . ." Rel. Reply at 3. There are two problems with this assertion. First, it misleadingly suggests that the relator simply seeks compensation for "successful[]" claims, when in fact the relator acknowledges that it seeks fees, costs, and expenses for not only settled claims but also the pending Non-Released UTI Claims. Second, the relator misstates our position. Our submission is not that the Court should "delay," but, rather, that it makes sense to resolve our motion to dismiss first, because that motion raises issues inextricably intertwined with those raised here, namely, the scope of the relator's release. And contrary to the relator's argument that our request is unsupported, Rel. Reply at 3, it is fundamental that the Court has broad discretion to defer ruling on a party's motion where appropriate, especially where attorney fees are concerned. *See* Fed. R. Civ. P. 54(d) (motion for

attorney fees must be filed no later than 14 days after entry of judgment).

Accordingly, the relator's motion should be taken under advisement pending further proceedings, at least until after the Court has resolved our motion to dismiss.

## II. The Relator Fails to Prove That its Claimed Fees, Costs, and Expenses Are Reasonable and Necessary Under 29 U.S.C. § 3730(d)(1)

To prove that its claimed attorney fees, costs, and expenses are reasonable and necessary under 29 U.S.C. § 3730(d)(1), the relator must demonstrate that the work was not "duplicative, unproductive, excessive, or otherwise unnecessary." *Lipsett v. Blanco*, 975 F.2d 934, 937 (1st Cir. 1992). Also, "the absence of detailed contemporaneous time records, except in extraordinary circumstances, will call for a substantial reduction in any award or, in egregious cases, disallowance." *Id.* at 938 (internal citation and quotation marks omitted). The relator has failed to discharge its burden and such "egregious" circumstances exist here, in several respects.

First, the relator fails to offer any basis for awarding it fees, costs, and expenses related to its Non-Released UTI Claims, which remain pending and are thus not compensable. The relator declares that it is "entitled" to fees for "all work performed on its successful UDT claims." Rel. Reply at 4. But the relator asks the Court to award fees for pursuing *all* of its claims, including claims that were expressly excluded from the Settlement Agreement. The relator asserts that "significant overlap" exists between the UDT claims and the UTI testing claims. *Id.* But where, as here, by agreement of the parties, a defined category of claims has been expressly carved out from the scope of a Settlement Agreement, the relator should not be permitted to recover fees for such claims, notwithstanding any allegation that "significant overlap" exists with other claims, especially where, as here, those claims remain pending in litigation. *See Gay Officers League v. Puerto* Rico, 247 F.3d 288, 299 (1st Cir. 2001) ("When a plaintiff prevails on some, but not all, of multiple claims, a fee reduction may be in order."); *cf. United States ex rel. Averback v.*

*Pastor Med. Assocs. P.C.*, 224 F. Supp. 2d 342, 351 (D. Mass. 2002) (time spent on unsuccessful claims that can be easily severed should be discounted and time spent on unsuccessful but interconnected claims may be discounted).  To hold otherwise would overcompensate the relator.

Second, notwithstanding counsel's hearsay declaration and citation to website bios, the relator has not satisfied its burden of providing admissible evidence that the requesting lawyers' skills and experience justify their claimed hourly rates and the "prevailing rates in the community for comparably qualified attorneys[.]" *Averback*, 224 F.2d at 351 (internal citation and quotation marks omitted); Def. Opp. at 13.  Information about prevailing market rates "should include more than affidavits from the requesting attorneys" in any event.  *Averback*, 224 F.2d at 353; *see also Bordanaro v. McLeod*, 871 F.2d 1151, 1168 (1st Cir. 1989) ("[P]laintiffs have failed to carry their burden of proving the prevailing market rate.  They have produced no evidence that would establish the prevailing rate for comparable legal services other than their own attorneys' affidavits.  Moreover, due to this lack of evidence, the district court failed to make a determination as to the prevailing market rate.").  The lack of first-hand declarations from prior counsel and Lo Tignov—plus additional admissible evidence—is dispositive.

Third, the relator offers no justification for the Court relying upon Van Meer's billing statements, which are so heavily redacted as to be unintelligible.  Def. Opp. at 12.  As we previously explained, MD Labs & Owners have the right to inspect the relator's legal bills and challenge their reasonableness, and the relator implicitly concedes this fact in its failure to offer contrary authority.  *See Perez-Sosa v. Garland*, 22 F.4th 312, 329-30 (1st Cir. 2022) ("A court charged with awarding attorney's fees should not be asked to buy a pig in a poke.  We thus have made it plain that when fee-shifting is in prospect, attorneys are obliged to maintain contemporaneous time records [that are] at least minimally illuminating: they need not contain

3

granular details, but they must contain some insight into the work performed") (citations omitted). Moreover, the relator contends that the redactions are appropriate to protect attorney-client privileged information, but has inexplicably not furnished a privilege log or offered other explanation as to why the information is privileged. In any event, it has waived any privilege protection by placing the legal bills at issue and furnishing legal bills from the Hoyer firm, in particular, in which no redactions of any kind were applied. Def. Opp. at 13; *see* ECF No. 92-5 (Harrison Decl. Ex. D).

Nevertheless, straining to advance its arguments, the relator quotes *Pizzo v. Gambee*, 796 F. Supp. 2d 270 (D. Mass. 2011) for the proposition that a party may assert privilege over "certain information" contained in legal bills. Rel. Reply at 9. But the relator neglects to quote the next sentence in the Court's decision: "Plaintiff, however, bears the burden of providing sufficiently detailed documentation from which the Court may determine the reasonableness of the fees requested." *Pizzo*, 796 F. Supp. 2d at 273 (reducing relator's fees because "extensive" redactions made it "impossible" to determine reasonableness). That is precisely the point here. The relator has the burden of proof. Because the Van Meer billing statements preclude meaningful review, the claim for Van Meer's fees should be denied or significantly reduced with respect to the obscured time entries. *See Lipsett*, 975 F.2d at 938.

Fourth, the relator's sur-reply fails to salvage its claim for more than $300,000 in "professional expenses" for Lo Tignov LLC. Def. Opp. at 3, 5, 10-11. The relator fails to furnish any declarations or other admissible evidence explaining what Lo Tignov's "research" consists of or that its transactions with the relator are at arm's length given that Dr. Deligdish is a principal in both entities. Def. Opp. at 10-11. Because there is no admissible evidence that the Lo Tignov "research" expenses are reasonable and necessary, they should be excluded.

4

**III.     The Relator's Request For Fees for Making This Motion Should Be Denied**

The relator seeks $25,725 in "fees on fees" for bringing this motion.  The relator's argument wrongly presupposes that its motion has merit, and that MD Labs & Owners should be effectively penalized for raising objections to the relator's demands.  But for the reasons set forth in our opposition and in this sur-reply, MD Labs & Owners had good faith, legitimate reasons for objecting to the relator's thousands of dollars in fees, costs, and expenses.  *See* ECF No. 92-5 (Harrison Decl. Ex. D) (noting call with defense counsel regarding, among other things, "need for more detailed time records for fees from Relator"); ECF No. 105-2, at 3 (Kenny Decl. Ex. A) (seeking fees for time spent reviewing opposing counsel's "comments on Hoyer bills").  Under these circumstances, the relator's request to shift the costs of bringing this motion to MD Labs & Owners should be denied or, at a minimum, the fees should be significantly reduced.

## CONCLUSION

For these reasons, MD Labs & Owners respectfully request that the Court defer ruling on the relator's motion until it resolves the motion to dismiss filed by MD Labs & Owners and otherwise the Court should deny the relator's motion or, at a minimum, significantly discount the award of attorney fees, costs, expenses.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | By: s/Alexander O. Canizares |
| July 22, 2022 | Alexander O. Canizares (admitted *pro hac vice*)<br>ACanizares@perkinscoie.com<br>Barak Cohen (admitted *pro hac vice*)<br>BCohen@perkinscoie.com<br>Gary Campbell (BBO # 640961)<br>GCampbell@perkinscoie.com<br>PERKINS COIE LLP<br>700 Thirteenth Street, N.W., Suite 800<br>Washington, D.C. 20005-3960<br>Telephone:    202.654.6200<br>Facsimile:    202.654.6211<br><br>*Attorneys for Defendants MD Spine Solutions LLC, d/b/a MD Labs Inc., Denis Grizelj, and Matthew Rutledge* |

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 22, 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to all registered participants identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on this date.

Dated:  July 22, 2022

s/ Alexander O. Canizares
Alexander O. Canizares
PERKINS COIE LLP
700 Thirteenth Street, N.W., Suite 800
Washington, D.C. 20005-3960
Telephone:  202.654.6200
Facsimile:  202.654.6211