UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA, *ex rel.*
OMNI HEALTHCARE, INC.,

                 Plaintiff-Relator,

     v.

MD SPINE SOLUTIONS LLC, D/B/A MD
LABS INC., DENIS GRIZELJ, MATTHEW
RUTLEDGE, AND DOE HEALTHCARE
PROVIDERS 1 – 100,

                 Defendants.

No. 18-cv-12558

**JURY TRIAL DEMANDED**

## DEFENDANT MD SPINE SOLUTIONS LLC's ANSWER AND AFFIRMATIVE DEFENSES TO RELATOR'S AMENDED COMPLAINT

Defendant MD Spine Solutions LLC, d/b/a MD Labs Inc. ("MD Labs") by and through its undersigned counsel, answers, in the numbered paragraphs below, the Amended Complaint filed by Omni Healthcare, Inc. (the "Relator"), as limited by the Court's Memorandum and Order dated August 23, 2022, ECF No. 116, upon knowledge as to itself and its own actions, and upon information and belief as to all other matters.  To the extent not explicitly admitted, MD Labs denies all allegations in the Amended Complaint.  MD Labs is not responding to the subsection headings in the Amended Complaint.  To the extent a response is required, any allegations contained in the subsection headings in the Amended Complaint are denied.

I.     **INTRODUCTION**

     1.     The allegations contained in paragraph 1 constitute the Relator's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

     2.     Denied.

- 1 -

3.      Denied.

4.      Admitted that Rutledge and Grizelj are 95% owners of MD Labs and are the its President and CEO, respectively; otherwise denied.

4.2.    The allegations contained in paragraph 4.2 constitute conclusions of law to which no answer is required.[1]

5.      The allegations contained in paragraph 5 constitute conclusions of law to which no answer is required.  To the extent they may be deemed allegations of fact, they are denied.

6.      The allegations contained in paragraph 6 constitute conclusions of law to which no answer is required.

7.      Denied.

8.      Denied.

9.      Denied

10.     Denied as to Relator's characterization of a bacterial urine culture test as a "standard urine culture."  Admitted as to the remaining allegations.

11.     Denied.

12.     Denied.

13.     Denied.

14.     Denied.

15.     Denied.

16.     Denied.

17.     Denied.

18.     The allegations contained in paragraph 18 constitute conclusions of law to which

---

[1] The Amended Complaint includes two paragraphs numbered 4.  Accordingly, we use "4.2" to refer to the second one.

no answer is required.

19.     As to MD Labs, the allegations contain in paragraph 19 constitute conclusions of law, to which no answer is required.  As to other "Defendants," denies the allegations contained in paragraph 19 for lack of knowledge or information sufficient to form a belief as to their truth.

20.     The allegations contained in paragraph 20 constitute conclusions of law to which no answer is required. To the extent they may be deemed allegations of fact, they are denied.

21.     The allegations contained in paragraph 21 constitute conclusions of law to which no answer is required. To the extent they may be deemed allegations of fact, they are denied.

22.     The allegations contained in paragraph 22 constitute conclusions of law to which no answer is required. To the extent they may be deemed allegations of fact, they are denied.

23.     The allegations contained in paragraph 23 constitute conclusions of law to which no answer is required. To the extent they may be deemed allegations of fact, they are denied.

24.     The allegations contained in paragraph 24 constitute the Relator's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, denied.

25.     The allegations contained in paragraph 25 constitute conclusions of law to which no answer is required.

26.     The allegations contained in paragraph 26 constitute conclusions of law to which no answer is required.

27.     The allegations contained in paragraph 27 constitute the Relator's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, denied.

II.     **PARTIES**

28.     MD Labs denies the allegations in paragraph 38 for lack of knowledge or information sufficient to form a belief as to their truth.

29.     Admitted.

30.     Admitted that for the relevant time period in the Amended Complaint, Mr. Rutledge was a resident of the State of Nevada and was cofounder and president of MD Labs.

31.     Admitted.

32.     Admitted.

33.     Admitted that during the time period relevant to the Amended Complaint, MD Labs provided clinical laboratory services to patients across the United States, and that it provided testing to detect urinary tract infections, pharmacogenetic testing that identifies key genetic markers that can indicate how the patient could metabolize certain drugs, and urine toxicology testing.  Denied as to the remained of the allegations in paragraph 33.

34.     Admitted

35.     Denied.

36.     MD Labs denies the allegations in paragraph 36 for lack of knowledge or information sufficient to form a belief as to their truth.

37.     The allegations contained in paragraph 37 constitute conclusions of law to which no answer is required. To the extent they may be deemed allegations of fact, they are denied.

III.    **PROCEDURAL HISTORY**

38.     MD Labs admits the allegations contained in paragraph 38 to the extent supported by the docket in this case, which is the best evidence of its contents; otherwise denied.

39.     MD Labs admits the allegations contained in paragraph 39 to the extent supported

by the complaint, which is the best evidence of its contents; otherwise denied.

40.     MD Labs admits the allegations contained in paragraph 40 to the extent supported by the settlement agreement, which is the best evidence of its contents; otherwise denied.

41.     MD Labs admits the allegations contained in paragraph 41 to the extent supported by the settlement agreement, which is the best evidence of its contents; otherwise denied.

42.     MD Labs admits the allegations contained in paragraph 42 to the extent supported by the settlement agreement, which is the best evidence of its contents; otherwise denied.

43.     MD Labs admits the allegations contained in paragraph 43 to the extent supported by the settlement agreement, which is the best evidence of its contents; otherwise denied.

44.     MD Labs admits the allegations contained in paragraph 44 to the extent supported by the settlement agreement, which is the best evidence of its contents; otherwise denied.

45.     MD Labs admits the allegations contained in paragraph 45 to the extent supported by the settlement agreement, which is the best evidence of its contents; otherwise denied.

46.     MD Labs admits the allegations contained in paragraph 46 to the extent supported by the settlement agreement, which is the best evidence of its contents; otherwise denied.

47.     MD Labs admits the allegations contained in paragraph 47 to the extent supported by the settlement agreement, which is the best evidence of its contents; otherwise denied.

48.     MD Labs admits the allegations contained in paragraph 48 to the extent supported by the settlement agreement, which is the best evidence of its contents; otherwise denied.

49.     Admitted.

50.     MD Labs admits the allegations contained in paragraph 50 to the extent supported by the Corrected Joint Stipulation of Dismissal cited in paragraph 50, which is the best evidence of its contents; otherwise denied.

51.      MD Labs admits the allegations contained in paragraph 51 to the extent supported by the docket, which is the best evidence of its contents; otherwise denied.

52.      MD Labs admits that the Relator filed an amended complaint; the allegations otherwise constitute conclusions of law to which no answer is required.

## IV.    PROCEDURAL HISTORY

53.      The allegations contained in paragraph 53 are conclusions of law to which no answer is required.

54.      The allegations contained in paragraph 54 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, denied for lack of knowledge or information sufficient to form a belief as to their truth.

55.      The allegations contained in the first sentence of paragraph 55 are conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, MD Labs admits that it has minimum contacts with the United States; as to the allegations contained in the first sentence of paragraph 55 regarding "Defendants" generally, denies for lack of knowledge or information sufficient to form a belief as to their truth.  As to MD Labs, MD Labs admits the allegations contained in the second sentence of paragraph 55; as to the allegations contained in the second sentence of paragraph 55 regarding "Defendants" generally, denied for lack of knowledge or information sufficient to form a basis as to their truth.

56.      The allegations contained in the first sentence of paragraph 56 constitute conclusions of law to which no answer is required.  As to MD Labs, MD Labs denies the allegations contained in the second sentence of paragraph 56; as to the allegations contained in the second sentence of paragraph 56 regarding "Defendants" generally, MD Labs denies for lack of knowledge or information sufficient to form a basis as to their truth.

V.      **APPLICABLE LAW**

57.      Admitted.

58.      MD Labs admits the allegations contained in paragraph 58 to the extent they are supported by the applicable statutes and regulations governing the Medicare program, which are the best evidence of their contents; otherwise denied.

59.      The allegations contained in paragraph 59 are conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, denied for lack of knowledge or information sufficient to form a belief as to their truth.

60.      As to MD Labs, admit that MD Labs has billed Medicare under Part B; as to "Defendants" generally, MD Labs denies the allegations contained in paragraph 60 for lack knowledge or information sufficient to form a basis as to their truth.

61.      MD Labs admits the allegations contained in the first sentence of paragraph 61. MD Labs admits the allegations contained in the second sentence of paragraph 61 to the extent they are supported by the statutes and regulations cited, which are the best evidence of their contents; otherwise denied.

62.      The allegations contained in paragraph 62 are conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, MD Labs denies for lack of knowledge or information sufficient to form a belief as to their truth.

63.      The allegations contained in paragraph 63 are conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, MD Labs denies for lack of knowledge or information sufficient to form a belief as to their truth.

64.      The allegations contained in paragraph 64 are conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, MD Labs denies for

lack of knowledge or information sufficient to form a belief as to their truth.

65.     The allegations contained in paragraph 65 are conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, MD Labs denies for lack of knowledge or information sufficient to form a belief as to their truth.

66.     MD Labs admits the allegations contained in the first sentence of paragraph 66. The allegations contained in the second sentence of paragraph 66 are conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, MD Labs denies for lack of knowledge or information sufficient to form a belief as to their truth.

67.     The allegations contained in paragraph 67 are conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, MD Labs denies for lack of knowledge or information sufficient to form a belief as to their truth.

68.     The allegations contained in paragraph 68 are conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, MD Labs denies for lack of knowledge or information sufficient to form a belief as to their truth.

69.     Admitted.

70.     MD Labs admits the allegations contained in paragraph 70 to the extent they are supported by the applicable statutes and regulations governing the Medicaid program, which are the best evidence of their contents; otherwise denied.

71.     MD Labs admits the allegations contained in paragraph 71 to the extent they are supported by the applicable statutes and regulations governing the Medicaid program, which are the best evidence of their contents; otherwise denied.

72.     The allegations contained in paragraph 72 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, MD Labs denies for

lack of knowledge or information sufficient to form a belief as to their truth.

73.     Admitted, with the correction that "CHAMPVA" is the correct acronym for the Civilian Health and Medical Program of the Department of Veterans Affairs.

74.     MD Labs admits the allegations contained in paragraph 74 to the extent they are supported by the applicable statutes and regulations governing TRICARE/CHAMPUS; otherwise denied.

75.     MD Labs admits the allegations contained in paragraph 75 to the extent they are supported by the applicable statutes and regulations governing CHAMPVA; otherwise denied.

76.     MD Labs admits the allegations contained in paragraph 76 to the extent they are supported by the applicable statutes and regulations governing the Federal Employee Health Benefit Program; otherwise denied.

77.     MD Labs admits the allegations contained in the first sentence of paragraph 77. The allegations contained in the second sentence of paragraph 77 constitute the Relator's characterization of its case, to which no answer is required.

78.     The allegations contained in paragraph 78 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, MD Labs denies for lack of knowledge or information sufficient to form a belief as to their truth.

79.     The allegations contained in paragraph 79 constitute conclusions of law to which no answer is required.  To the extent they may be deemed allegations of fact, they are denied.

80.     The allegations contained in paragraph 80 constitute conclusions of law to which no answer is required. To the extent they may be deemed allegations of fact, they are denied.

81.     The allegations contained in paragraph 81 constitute conclusions of law to which no answer is required.  To the extent they may be deemed allegations of fact, they are denied.

82.     The allegations contained in paragraph 82 constitute conclusions of law to which no answer is required.  To the extent they may be deemed allegations of fact, they are denied.

83.     The allegations contained in paragraph 83 constitute conclusions of law to which no answer is required.  To the extent they may be deemed allegations of fact, they are denied.

84.     The allegations contained in paragraph 84 constitute conclusions of law to which no answer is required. To the extent they may be deemed allegations of fact, they are denied.

85.     The allegations contained in paragraph 85 constitute conclusions of law to which no answer is required.  To the extent they may be deemed allegations of fact, they are denied.

86.     The allegations contained in paragraph 86 constitute conclusions of law to which no answer is required.  To the extent they may be deemed allegations of fact, they are denied.

87.     The allegations contained in paragraph 87 constitute conclusions of law to which no answer is required.  To the extent they may be deemed allegations of fact, they are denied.

88.     The allegations contained in paragraph 88 constitute conclusions of law to which no answer is required.  To the extent they may be deemed allegations of fact, they are denied.

89.     The allegations contained in paragraph 89 constitute conclusions of law to which no answer is required.  To the extent they may be deemed allegations of fact, they are denied.

90.     The document referenced in paragraph 90 speaks for itself, and therefore no response is required.  To the extent a response is deemed required, MD Labs denies the allegations in paragraph 90.

91.     The document referenced in paragraph 91 speaks for itself, and therefore no response is required.  To the extent a response is deemed required, MD Labs denies the allegations in paragraph 91.

92.     The document referenced in paragraph 92 speaks for itself, and therefore no

response is required.  To the extent a response is deemed required, MD Labs denies the allegations in paragraph 92.

93.     The document referenced in paragraph 93 speaks for itself, and therefore no response is required.  To the extent a response is deemed required, MD Labs denies the allegations in paragraph 93.

94.     The document referenced in paragraph 94 speaks for itself, and therefore no response is required.  To the extent a response is deemed required, MD Labs denies the allegations in paragraph 94.

95.     MD Labs denies the allegations contained in paragraph 95 for lack of knowledge or information sufficient to form a belief as to their truth.

96.     The document referenced in paragraph 96 speaks for itself, and therefore no response is required.  To the extent a response is deemed required, MD Labs denies the allegations in paragraph 96.

97.     Denied.

98.     MD Labs denies the allegations contained in the first sentence of paragraph 98 for lack of knowledge or information sufficient to form a belief as to their truth.   MD Labs denies the second sentence of paragraph 98.

99.     The allegations contained in paragraph 99 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

100.    The allegations contained in paragraph 100 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

101.    MD Labs denies the allegations contained in paragraph 101 for lack of knowledge or information sufficient to form a belief as to their truth.

102.    The document referenced in paragraph 102 speaks for itself, and therefore no response is required.  To the extent a response is deemed required, MD Labs denies the allegations in paragraph 102.

103.    The allegations contained in paragraph 103 constitute conclusions of law to which no answer is required.  To the extent they may be deemed allegations of fact, they are denied.

104.    The allegations contained in paragraph 104 constitute conclusions of law to which no answer is required.  To the extent they may be deemed allegations of fact, they are denied.

105.    The allegations contained in paragraph 105 constitute the Relator's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

106.    MD Labs denies the allegations contained in paragraph 106 for lack of knowledge or information sufficient to form a belief as to their truth.

107.    MD Labs denies the allegations contained in paragraph 107 for lack of knowledge or information sufficient to form a belief as to their truth.

108.    MD Labs denies the allegations contained in paragraph 108 for lack of knowledge or information sufficient to form a belief as to their truth.

109.    MD Labs denies the allegations contained in paragraph 109 for lack of knowledge or information sufficient to form a belief as to their truth.

110.    The allegations contained in paragraph 110 are conclusions of law to which no answer is required. To the extent a response is deemed required, MD Labs denies the allegations in paragraph 110.

111.    The allegations contained in paragraph 111 are conclusions of law to which no answer is required. To the extent a response is deemed required, MD Labs denies the allegations

in paragraph 111.

112.    The allegations contained in paragraph 112 are conclusions of law to which no answer is required. To the extent a response is deemed required, MD Labs denies the allegations in paragraph 112.

113.    The allegations contained in paragraph 113 are conclusions of law to which no answer is required. To the extent a response is deemed required, MD Labs denies the allegations in paragraph 113.

114.    The allegations contained in paragraph 114 are conclusions of law to which no answer is required. To the extent a response is deemed required, MD Labs denies the allegations in paragraph 113.

115.    The allegations contained in paragraph 115 are conclusions of law to which no answer is required. To the extent a response is deemed required, MD Labs denies the allegations in paragraph 115.

116.    The allegations contained in paragraph 116 are conclusions of law to which no answer is required. To the extent a response is deemed required, MD Labs denies the allegations in paragraph 116.

117.    MD Labs admits the allegations contained in paragraph 117 to the extent they are supported by the statute, regulations, and authoritative guidance governing CPT code modifiers; otherwise denied.

118.    MD Labs admits the allegations contained in paragraph 118 to the extent they are supported by the statute, regulations, and authoritative guidance governing CPT code modifiers; otherwise denied.

119.    MD Labs admits the allegations contained in paragraph 119 to the extent they are

supported by the statute, regulations, and authoritative guidance governing CPT code modifiers; otherwise denied.

120.    The document referenced in paragraph 120 speaks for itself, and therefore no response is required.  To the extent a response is deemed required, MD Labs denies the allegations in paragraph 120.

121.    Denied.

122.    Denied.

123.    Denied.

124.    The allegations contained in paragraph 124 constitute the Relator's characterization of certain laws, to which no answer is required.  To the extent a response is deemed required, MD Labs denies the allegations in paragraph 124.

125.    The allegations contained in paragraph 125 constitute the Relator's characterization of the Stark Law, to which no answer is required. To the extent a response is deemed required, MD Labs denies the allegations in paragraph 125.

126.    The allegations contained in paragraph 126 constitute the Relator's characterization of the Stark Law, to which no answer is required. To the extent a response is deemed required, MD Labs denies the allegations in paragraph 126.

127.    The allegations contained in paragraph 127 constitute conclusions of law, to which no answer is required. To the extent a response is deemed required, MD Labs denies the allegations in paragraph 127.

128.    The allegations contained in paragraph 128 constitute conclusions of law, to which no answer is required. To the extent a response is deemed required, MD Labs denies the allegations in paragraph 128.

129.     The allegations contained in paragraph 129 constitute conclusions of law, to which no answer is required. To the extent a response is deemed required, MD Labs denies the allegations in paragraph 129.

130.     The allegations contained in paragraph 130 constitute conclusions of law, to which no answer is required. To the extent a response is deemed required, MD Labs denies the allegations in paragraph 130.

131.     The allegations contained in paragraph 131 constitute conclusions of law, to which no answer is required. To the extent a response is deemed required, MD Labs denies the allegations in paragraph 131.

132.     The allegations contained in paragraph 132 constitute conclusions of law, to which no answer is required. To the extent a response is deemed required, MD Labs denies the allegations in paragraph 132.

133.     The allegations contained in paragraph 133 constitute the Relator's characterization of the Anti-Kickback Statute, to which no answer is required. To the extent a response is deemed required, MD Labs denies the allegations in paragraph 133.

134.     The document referenced in paragraph 134 speaks for itself, and therefore no response is required.  To the extent a response is deemed required, MD Labs denies the allegations in paragraph 134.

135.     The allegations contained in paragraph 135 constitute the Relator's characterization of the Anti-Kickback Statute, to which no answer is required. To the extent a response is deemed required, MD Labs denies the allegations in paragraph 135.

136.     The allegations contained in paragraph 136 constitute conclusions of law, to which no answer is required. To the extent a response is deemed required, MD Labs denies the

allegations in paragraph 136.

137.    The allegations contained in paragraph 137 constitute the Relator's characterization of the Stark Law and the Anti-Kickback Statute, to which no answer is required. To the extent a response is deemed required, MD Labs denies the allegations in paragraph 137.

138.    The allegations contained in paragraph 138 constitute the Relator's characterization of the Anti-Kickback Statute, to which no answer is required. To the extent a response is deemed required, MD Labs denies the allegations in paragraph 138.

139.    The allegations contained in paragraph 139 constitute conclusions of law, to which no answer is required. To the extent a response is deemed required, MD Labs denies the allegations in paragraph 139.

140.    The allegations contained in paragraph 140 constitute conclusions of law, to which no answer is required. To the extent a response is deemed required, MD Labs denies the allegations in paragraph 140.

141.    The allegations contained in paragraph 141 constitute conclusions of law, to which no answer is required. To the extent a response is deemed required, MD Labs denies the allegations in paragraph 141.

142.    The document referenced in paragraph 142 speaks for itself, and therefore no response is required.  To the extent a response is deemed required, MD Labs denies the allegations in paragraph 142.

143.    The document referenced in paragraph 143 speaks for itself, and therefore no response is required.  To the extent a response is deemed required, MD Labs denies the allegations in paragraph 143.

144.    The document referenced in paragraph 144 speaks for itself, and therefore no

response is required.  To the extent a response is deemed required, MD Labs denies the allegations in paragraph 144.

145.    The document referenced in paragraph 145 speaks for itself, and therefore no response is required.  To the extent a response is deemed required, MD Labs denies the allegations in paragraph 145.

146.    The allegations contained in paragraph 146 constitute conclusions of law, to which no answer is required. To the extent a response is deemed required, MD Labs denies the allegations in paragraph 146.

147.    The allegations contained in paragraph 147 constitute conclusions of law, to which no answer is required. To the extent a response is deemed required, MD Labs denies the allegations in paragraph 147.

148.    The allegations contained in paragraph 148 constitute conclusions of law, to which no answer is required. To the extent a response is deemed required, MD Labs denies the allegations in paragraph 148.

149.    The allegations contained in paragraph 149 constitute conclusions of law, to which no answer is required. To the extent a response is deemed required, MD Labs denies the allegations in paragraph 149.

150.    The allegations contained in paragraph 150 constitute conclusions of law, to which no answer is required. To the extent a response is deemed required, MD Labs denies the allegations in paragraph 150.

151.    The allegations contained in paragraph 151 constitute conclusions of law, to which no answer is required. To the extent a response is deemed required, MD Labs denies the allegations in paragraph 151.

152.     The allegations contained in paragraph 152 constitute conclusions of law, to which no answer is required. To the extent a response is deemed required, MD Labs denies the allegations in paragraph 152.

153.     The allegations contained in paragraph 153 constitute conclusions of law, to which no answer is required. To the extent a response is deemed required, MD Labs denies the allegations in paragraph 153.

154.     The document referenced in paragraph 154 speaks for itself, and therefore no response is required.  To the extent a response is deemed required, MD Labs denies the allegations in paragraph 154.

155.     The document referenced in paragraph 155 speaks for itself, and therefore no response is required.  To the extent a response is deemed required, MD Labs denies the allegations in paragraph 155.

156.     The document referenced in paragraph 156 speaks for itself, and therefore no response is required.  To the extent a response is deemed required, MD Labs denies the allegations in paragraph 156.

## VI.     APPLICABLE LAW

157.     Denied.

158.     The document referenced in the first sentence of paragraph 158 speaks for itself, and therefore no response is required.  To the extent a response is deemed required, denies the allegations in the first sentence of paragraph 158.  MD Labs denies the allegations contained in the remainder of paragraph 158 for lack of knowledge or information sufficient to form a belief as to their truth.

159.     MD Labs admits the allegations in the first sentence of paragraph 159.  MD Labs

denies the allegations in the remainder of paragraph 159.

160.    The document referenced in paragraph 160 speaks for itself, and therefore no response is required.  To the extent a response is deemed required, MD Labs denies the allegations in paragraph 160.

161.    The document referenced in paragraph 161 speaks for itself, and therefore no response is required.  To the extent a response is deemed required, MD Labs denies the allegations in paragraph 161.

162.    The document referenced in paragraph 162 speaks for itself, and therefore no response is required.  To the extent a response is deemed required, MD Labs denies the allegations in paragraph 162.

163.    The document referenced in paragraph 163 speaks for itself, and therefore no response is required.  To the extent a response is deemed required, MD Labs denies the allegations in paragraph 163.

164.    MD Labs denies Relator's characterization that any of the testing referenced in paragraph 164 is "standard."  MD Labs otherwise admits the allegations in paragraph 164.

165.    Admitted.

166.    Denied.

167.    MD Labs denies the allegations contained in paragraph 167 for lack of knowledge or information sufficient to form a belief as to their truth.

168.    MD Labs denies the allegations contained in paragraph 167 for lack of knowledge or information sufficient to form a belief as to their truth.

169.    The document referenced in paragraph 169 speaks for itself, and therefore no response is required.  To the extent a response is deemed required, MD Labs denies the

allegations in paragraph 169.

170.    MD Labs denies the allegations contained in paragraph 170 for lack of knowledge or information sufficient to form a belief as to their truth.

171.    MD Labs denies Relator's characterization that any of the testing referenced in paragraph 171 is "standard."  MD Labs otherwise admits the allegations in paragraph 171.

**VII.    ALLEGATIONS**

172.    The allegations contained in paragraph 172 constitute the Relator's characterization of its case, to which no answer is required.

173.    Denied.

174.    Denied.

175.    Denied.

176.    Denied.

177.    Denied.

178.    Denied.

179.    Denied.

180.    Denied.

181.    Denied.

182.    MD Labs denies the allegations contained in paragraph 182 for lack of knowledge or information sufficient to form a belief as to their truth.

183.    MD Labs denies the allegations concerning a "fraudulent scheme" contained in paragraph 183; denies the remaining allegations contained in paragraph 183 for lack of knowledge or information sufficient to form a belief as to their truth.

184.    Denied.

185.    Denied.

186.    The document referenced in paragraph 186 speaks for itself, and therefore no response is required.  To the extent a response is deemed required, MD Labs denies the allegations in paragraph 186.

187.    The document referenced in paragraph 187 speaks for itself, and therefore no response is required.  To the extent a response is deemed required, MD Labs denies the allegations in paragraph 187.

188.    The document referenced in paragraph 188 speaks for itself, and therefore no response is required.  To the extent a response is deemed required, MD Labs denies the allegations in paragraph 188.

189.    The document referenced in paragraph 189 speaks for itself, and therefore no response is required.  To the extent a response is deemed required, MD Labs denies the allegations in paragraph 189.

190.    The document referenced in paragraph 190 speaks for itself, and therefore no response is required.  To the extent a response is deemed required, MD Labs denies the allegations in paragraph 190.

191.    The document referenced in paragraph 191 speaks for itself, and therefore no response is required.  To the extent a response is deemed required, MD Labs denies the allegations in paragraph 191.

192.    The document referenced in paragraph 192 speaks for itself, and therefore no response is required.  To the extent a response is deemed required, MD Labs denies the allegations in paragraph 192.

193.    The document referenced in paragraph 193 speaks for itself, and therefore no

response is required.  To the extent a response is deemed required, MD Labs denies the allegations in paragraph 193.

194.    MD Labs denies the allegations contained in paragraph 194 for lack of knowledge or information sufficient to form a belief as to their truth.

195.    MD Labs denies the allegations contained in paragraph 195 for lack of knowledge or information sufficient to form a belief as to their truth.

196.    MD Labs denies the allegations contained in paragraph 196 for lack of knowledge or information sufficient to form a belief as to their truth.

197.    The allegations contained in paragraph 197 constitute conclusions of law, to which no answer is required; to the extent they are deemed allegations of fact, denied.

198.    MD Labs denies the allegations contained in paragraph 198 for lack of knowledge or information sufficient to form a belief as to their truth.

199.    MD Labs denies the allegations contained in paragraph 199 for lack of knowledge or information sufficient to form a belief as to their truth.

200.    The document referenced in paragraph 200 speaks for itself, and therefore no response is required.  To the extent a response is deemed required, MD Labs denies the allegations in paragraph 200.

201.    MD Labs denies the allegations contained in paragraph 201 for lack of knowledge or information sufficient to form a belief as to their truth.

202.    MD Labs denies the allegations contained in paragraph 202 for lack of knowledge or information sufficient to form a belief as to their truth.

203.    MD Labs denies the allegations contained in paragraph 203 for lack of knowledge or information sufficient to form a belief as to their truth.

204.     MD Labs denies the allegations contained in paragraph 204 for lack of knowledge or information sufficient to form a belief as to their truth.

205.     The document referenced in paragraph 205 speaks for itself, and therefore no response is required.  To the extent a response is deemed required, MD Labs denies the allegations in paragraph 205.

206.     MD Labs denies the allegations contained in the first sentence of paragraph 206 for lack of knowledge or information sufficient to form a belief as to their truth.  The document referenced in the remainder of paragraph 206 speaks for itself, and therefore no response is required.  To the extent a response is deemed required, MD Labs denies the allegations in paragraph 206.

207.     The document referenced in the remainder of paragraph 207 speaks for itself, and therefore no response is required.  To the extent a response is deemed required, MD Labs denies the allegations in paragraph 207.

208.     The document referenced in the remainder of paragraph 208 speaks for itself, and therefore no response is required.  To the extent a response is deemed required, MD Labs denies the allegations in paragraph 208.

209.     MD Labs denies the allegations concerning what MD Labs personnel purportedly did not discuss for lack of knowledge or information sufficient to form a belief as to their truth. The document referenced in the remainder of paragraph 209 speaks for itself, and therefore no response is required.  To the extent a response is deemed required, MD Labs denies the allegations in paragraph 209.

210.     The document referenced in paragraph 210 speaks for itself, and therefore no response is required.  To the extent a response is deemed required, MD Labs denies the

allegations in paragraph 210.

211.    Admitted.

212.    The document referenced in paragraph 212 speaks for itself, and therefore no response is required.  To the extent a response is deemed required, MD Labs denies the allegations in paragraph 212.

213.    The document referenced in paragraph 213 speaks for itself, and therefore no response is required.  To the extent a response is deemed required, MD Labs denies the allegations in paragraph 213.

214.    The document referenced in paragraph 214 speaks for itself, and therefore no response is required.  To the extent a response is deemed required, MD Labs denies the allegations in paragraph 214.

215.    The allegations contained in paragraph 215 constitute conclusions of law, to which no answer is required. To the extent a response is deemed required, MD Labs denies the allegations in paragraph 215.

216.    Denied.

217.    Denied.

218.    The allegations contained in paragraph 218 constitute conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

219.    Denied.

220.    MD Labs admits that PCR technology is a method of amplifying DNA signatures unique to individual pathogens.  MD Labs denies the remaining allegations contained in paragraph 220 for lack of knowledge or information sufficient to form a belief as to their truth.

221.    MD Labs admits the allegations contained in the first sentence of paragraph 221. MD Labs denies the remaining allegations contained in paragraph 221 for lack of knowledge or information sufficient to form a belief as to their truth.

222.    The document referenced in paragraph 222 speaks for itself, and therefore no response is required.  To the extent a response is deemed required, MD Labs denies the allegations in paragraph 222.

223.    The document referenced in paragraph 223 speaks for itself, and therefore no response is required.  To the extent a response is deemed required, MD Labs denies the allegations in paragraph 223.

224.    MD Labs expressly denies any implication that it unreasonably relied on ordering physicians' determination of medical necessity.  MD Labs denies the remaining allegations contained in paragraph 224 for lack of knowledge or information sufficient to form a belief as to their truth.

225.    MD Labs expressly denies any implication that it unreasonably relied on ordering physicians' determination of medical necessity.  MD Labs denies the remaining allegations contained in paragraph 225 for lack of knowledge or information sufficient to form a belief as to their truth.

226.    The document referenced in paragraph 226 speaks for itself, and therefore no response is required.  To the extent a response is deemed required, MD Labs denies the allegations in paragraph 226.

227.    Denied.

228.    The documents referenced in paragraph 228 speak for themselves, and therefore no response is required.  To the extent a response is deemed required, MD Labs denies the

allegations in paragraph 228.

229.    MD Labs denies the allegations contained in paragraph 229 for lack of knowledge or information sufficient to form a belief as to their truth.

230.    MD Labs admits that during the time period relevant to the Amended Complaint, its requisition form contained a line for the ordering physician's signature and that it sometimes processed orders without a signature.  MD Labs denies the remaining allegations in paragraph 230.

231.    Denied.

232.    The allegations contained in paragraph 232 constitute conclusions of law, to which no answer is required.

233.    MD Labs denies the characterization of the document referenced in paragraph 233.  The document referenced in paragraph 233 speaks for itself, and therefore no response is required.  To the extent a response is deemed required, MD Labs denies the allegations in paragraph 233.

234.    Denied.

235.    Denied.

236.    Denied.

237.    Denied.

238.    MD Labs denies the characterization of the document referenced in paragraph 238.  The document referenced in paragraph 238 speaks for itself, and therefore no response is required.  To the extent a response is deemed required, MD Labs denies the allegations in paragraph 238.

239.    Denied.

240.    Admitted.

241.    Denied.

242.    Denied.

243.    MD Labs lacks knowledge as to whether its personnel provided "advice" to OMNI, and on that basis denies that it provided advice to OMNI.  MD Labs admits the remaining allegations contained in paragraph 243.

244.    MD Labs denies the characterization that its PCR tests were "follow up" tests. MD Labs admits the remaining allegations contained in paragraph 244.

245.    Admitted.

246.    MD Labs denies that it used CPT code 87176 for susceptibility testing.  MD Labs admits the remaining allegations in paragraph 246.

247.    Denied.

248.    The allegations contained in paragraph 248 constitute the Relator's characterization of the cited statutes, to which no answer is required. To the extent a response is deemed required, MD Labs denies the allegations in paragraph 248.

249.    Denied.

250.    Denied.

**Count I**
**Federal False Claims Act**

251.    The allegations contained in paragraph 251 constitute the Relator's incorporation by reference to allegations in its amended complaint, to which no answer is required; to the extent they may be deemed allegations of fact, denied.

252.    The allegations contained in paragraph 252 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, denied.

253.    The allegations contained in paragraph 253 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, denied.

254.    The allegations contained in paragraph 254 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, denied.

255.    The allegations contained in paragraph 255 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, denied.

256.    The allegations contained in paragraph 256 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, denied.

257.    The allegations contained in paragraph 257 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, denied.

258.    The allegations contained in paragraph 258 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, denied.

259.    The allegations contained in paragraph 259 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, denied.

## Count II
## Alaska Medical Assistance False Claims and Reporting Act

260.    The allegations contained in paragraph 260 constitute the Relator's incorporation by reference to allegations in its amended complaint, to which no answer is required; to the extent they may be deemed allegations of fact, denied.

261.    The allegations contained in paragraph 261 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, denied.

262.    The allegations contained in paragraph 262 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, denied.

263.    The allegations contained in paragraph 263 constitute conclusions of law to which

no answer is required; to the extent they may be deemed allegations of fact, denied.

264.    The allegations contained in paragraph 264 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, denied.

265.    The allegations contained in paragraph 265 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, denied.

266.    The allegations contained in paragraph 266 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, denied.

267.    The allegations contained in paragraph 267 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, denied.

268.    The allegations contained in paragraph 268 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, denied.

**Count III**
**California False Claims Act**

269.    The allegations contained in paragraph 269 constitute the Relator's incorporation by reference to allegations in its amended complaint, to which no answer is required; to the extent they may be deemed allegations of fact, denied.

270.    The allegations contained in paragraph 270 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, denied.

271.    The allegations contained in paragraph 271 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, denied.

272.    The allegations contained in paragraph 272 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, denied.

273.    The allegations contained in paragraph 273 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, denied.

274.     The allegations contained in paragraph 274 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, denied.

275.     The allegations contained in paragraph 275 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, denied.

276.     The allegations contained in paragraph 276 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, denied.

277.     The allegations contained in paragraph 277 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, denied.

**Count IV**
**Colorado Medicaid False Claims Act**

278.     The allegations contained in paragraph 278 constitute the Relator's incorporation by reference to allegations in its amended complaint, to which no answer is required; to the extent they may be deemed allegations of fact, denied.

279.     The allegations contained in paragraph 279 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, denied.

280.     The allegations contained in paragraph 280 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, denied.

281.     The allegations contained in paragraph 281 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, denied.

282.     The allegations contained in paragraph 282 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, denied.

283.     The allegations contained in paragraph 283 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, denied.

284.     The allegations contained in paragraph 284 constitute conclusions of law to which

no answer is required; to the extent they may be deemed allegations of fact, denied.

285.   The allegations contained in paragraph 285 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, denied.

286.   The allegations contained in paragraph 286 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, denied.

## Count V
## Connecticut False Claims Act

287.   The allegations contained in paragraph 287 constitute the Relator's incorporation by reference to allegations in its amended complaint, to which no answer is required; to the extent they may be deemed allegations of fact, denied.

288.   The allegations contained in paragraph 288 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, denied.

289.   The allegations contained in paragraph 289 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, denied.

290.   The allegations contained in paragraph 290 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, denied.

291.   The allegations contained in paragraph 291 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, denied.

292.   The allegations contained in paragraph 292 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, denied.

293.   The allegations contained in paragraph 293 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, denied.

294.   The allegations contained in paragraph 294 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, denied.

295.     The allegations contained in paragraph 295 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, denied.

## Count VI
## Delaware False Claims and Reporting Act

296.     The allegations contained in paragraph 296 constitute the Relator's incorporation by reference to allegations in its amended complaint, to which no answer is required; to the extent they may be deemed allegations of fact, denied.

297.     The allegations contained in paragraph 297 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, denied.

298.     The allegations contained in paragraph 298 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, denied.

299.     The allegations contained in paragraph 299 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, denied.

300.     The allegations contained in paragraph 300 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, denied.

301.     The allegations contained in paragraph 301 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, denied.

302.     The allegations contained in paragraph 302 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, denied.

303.     The allegations contained in paragraph 303 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, denied.

304.     The allegations contained in paragraph 304 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, denied.

## Count VII
## District of Columbia Procurement Reform Amendment Act

305.     The allegations contained in paragraph 305 constitute the Relator's incorporation by reference to allegations in its amended complaint, to which no answer is required; to the extent they may be deemed allegations of fact, denied.

306.     The allegations contained in paragraph 306 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, denied.

307.     The allegations contained in paragraph 307 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, denied.

308.     The allegations contained in paragraph 308 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, denied.

309.     The allegations contained in paragraph 309 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, denied.

310.     The allegations contained in paragraph 310 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, denied.

311.     The allegations contained in paragraph 311 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, denied.

312.     The allegations contained in paragraph 312 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, denied.

313.     The allegations contained in paragraph 313 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, denied.

## Count VIII
## Florida False Claims Act

314.     The allegations contained in paragraph 314 constitute the Relator's incorporation by reference to allegations in its amended complaint, to which no answer is required; to the extent they may be deemed allegations of fact, denied.

315.     The allegations contained in paragraph 315 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, denied.

316.     The allegations contained in paragraph 316 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, denied.

317.     The allegations contained in paragraph 317 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, denied.

318.     The allegations contained in paragraph 318 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, denied.

319.     The allegations contained in paragraph 319 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, denied.

320.     The allegations contained in paragraph 320 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, denied.

321.     The allegations contained in paragraph 321 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, denied.

322.     The allegations contained in paragraph 322 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, denied.

## Count IX
## Georgia False Medicaid Claims Act

323.     The allegations contained in paragraph 323 constitute the Relator's incorporation by reference to allegations in its amended complaint, to which no answer is required; to the extent they may be deemed allegations of fact, denied.

324.     The allegations contained in paragraph 324 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, denied.

325.     The allegations contained in paragraph 325 constitute conclusions of law to which

no answer is required; to the extent they may be deemed allegations of fact, denied.

326.     The allegations contained in paragraph 326 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, denied.

327.     The allegations contained in paragraph 327 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, denied.

328.     The allegations contained in paragraph 328 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, denied.

329.     The allegations contained in paragraph 329 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, denied.

330.     The allegations contained in paragraph 330 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, denied.

331.     The allegations contained in paragraph 331 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, denied.

## Count X
## Hawaii False Claims Act

332.     The allegations contained in paragraph 332 constitute the Relator's incorporation by reference to allegations in its amended complaint, to which no answer is required; to the extent they may be deemed allegations of fact, denied.

333.     The allegations contained in paragraph 333 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, denied.

334.     The allegations contained in paragraph 334 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, denied.

335.     The allegations contained in paragraph 335 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, denied.

336.    The allegations contained in paragraph 336 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, denied.

337.    The allegations contained in paragraph 337 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, denied.

338.    The allegations contained in paragraph 338 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, denied.

339.    The allegations contained in paragraph 339 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, denied.

340.    The allegations contained in paragraph 340 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, denied.

**Count XI**
**Illinois Whistleblower Reward and Protection Act**

341.    The allegations contained in paragraph 341 constitute the Relator's incorporation by reference to allegations in its amended complaint, to which no answer is required; to the extent they may be deemed allegations of fact, denied.

342.    The allegations contained in paragraph 342 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, denied.

343.    The allegations contained in paragraph 343 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, denied.

344.    The allegations contained in paragraph 344 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, denied.

345.    The allegations contained in paragraph 345 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, denied.

346.    The allegations contained in paragraph 346 constitute conclusions of law to which

no answer is required; to the extent they may be deemed allegations of fact, denied.

347.    The allegations contained in paragraph 347 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, denied.

348.    The allegations contained in paragraph 348 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, denied.

349.    The allegations contained in paragraph 349 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, denied.

## Count XII
## Indiana False Claims and Whistleblower Protection Act

350.    The allegations contained in paragraph 350 constitute the Relator's incorporation by reference to allegations in its amended complaint, to which no answer is required; to the extent they may be deemed allegations of fact, denied.

351.    The allegations contained in paragraph 351 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, denied.

352.    The allegations contained in paragraph 352 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, denied.

353.    The allegations contained in paragraph 353 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, denied.

354.    The allegations contained in paragraph 354 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, denied.

355.    The allegations contained in paragraph 355 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, denied.

356.    The allegations contained in paragraph 356 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, denied.

357.    The allegations contained in paragraph 357 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, denied.

358.    The allegations contained in paragraph 358 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, denied.

<u>**Count XIII**</u>
<u>**Iowa False Claims Act**</u>

359.    The allegations contained in paragraph 359 constitute the Relator's incorporation by reference to allegations in its amended complaint, to which no answer is required; to the extent they may be deemed allegations of fact, denied.

360.    The allegations contained in paragraph 360 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, denied.

361.    The allegations contained in paragraph 361 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, denied.

362.    The allegations contained in paragraph 362 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, denied.

363.    The allegations contained in paragraph 363 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, denied.

364.    The allegations contained in paragraph 364 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, denied.

365.    The allegations contained in paragraph 365 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, denied.

366.    The allegations contained in paragraph 366 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, denied.

367.    The allegations contained in paragraph 367 constitute conclusions of law to which

no answer is required; to the extent they may be deemed allegations of fact, denied.

## Count XIV
## Louisiana Medical Assistance Programs Integrity Law

368.     The allegations contained in paragraph 368 constitute the Relator's incorporation by reference to allegations in its amended complaint, to which no answer is required; to the extent they may be deemed allegations of fact, denied.

369.     The allegations contained in paragraph 369 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, denied.

370.     The allegations contained in paragraph 370 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, denied.

371.     The allegations contained in paragraph 371 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, denied.

372.     The allegations contained in paragraph 372 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, denied.

373.     The allegations contained in paragraph 373 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, denied.

374.     The allegations contained in paragraph 374 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, denied.

375.     The allegations contained in paragraph 375 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, denied.

376.     The allegations contained in paragraph 376 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, denied.

## Count XV
## Maryland False Claims Act

377.     The allegations contained in paragraph 377 constitute the Relator's incorporation

by reference to allegations in its amended complaint, to which no answer is required; to the extent they may be deemed allegations of fact, denied.

378.    The allegations contained in paragraph 378 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, denied.

379.    The allegations contained in paragraph 379 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, denied.

380.    The allegations contained in paragraph 380 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, denied.

381.    The allegations contained in paragraph 381 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, denied.

382.    The allegations contained in paragraph 382 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, denied.

383.    The allegations contained in paragraph 383 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, denied.

384.    The allegations contained in paragraph 384 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, denied.

385.    The allegations contained in paragraph 385 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, denied.

### Count XVI
### Massachusetts False Claims Act

386.    The allegations contained in paragraph 386 constitute the Relator's incorporation by reference to allegations in its amended complaint, to which no answer is required; to the extent they may be deemed allegations of fact, denied.

387.    The allegations contained in paragraph 387 constitute conclusions of law to which

no answer is required; to the extent they may be deemed allegations of fact, denied.

388.     The allegations contained in paragraph 388 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, denied.

389.     The allegations contained in paragraph 389 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, denied.

390.     The allegations contained in paragraph 390 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, denied.

391.     The allegations contained in paragraph 391 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, denied.

392.     The allegations contained in paragraph 392 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, denied.

393.     The allegations contained in paragraph 393 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, denied.

394.     The allegations contained in paragraph 394 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, denied.

## Count XVII
## Michigan Medicaid False Claims Act

395.     The allegations contained in paragraph 395 constitute the Relator's incorporation by reference to allegations in its amended complaint, to which no answer is required; to the extent they may be deemed allegations of fact, denied.

396.     The allegations contained in paragraph 396 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, denied.

397.     The allegations contained in paragraph 397 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, denied.

398.     The allegations contained in paragraph 398 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, denied.

399.     The allegations contained in paragraph 399 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, denied.

400.     The allegations contained in paragraph 400 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, denied.

401.     The allegations contained in paragraph 401 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, denied.

402.     The allegations contained in paragraph 402 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, denied.

403.     The allegations contained in paragraph 403 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, denied.

**Count XVIII**
**Minnesota False Claims Act**

404.     The allegations contained in paragraph 404 constitute the Relator's incorporation by reference to allegations in its amended complaint, to which no answer is required; to the extent they may be deemed allegations of fact, denied.

405.     The allegations contained in paragraph 405 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, denied.

406.     The allegations contained in paragraph 406 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, denied.

407.     The allegations contained in paragraph 407 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, denied.

408.     The allegations contained in paragraph 408 constitute conclusions of law to which

no answer is required; to the extent they may be deemed allegations of fact, denied.

409.    The allegations contained in paragraph 409 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, denied.

410.    The allegations contained in paragraph 410 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, denied.

411.    The allegations contained in paragraph 411 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, denied.

412.    The allegations contained in paragraph 412 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, denied.

**Count XIX**
**Montana False Claims Act**

413.    The allegations contained in paragraph 413 constitute the Relator's incorporation by reference to allegations in its amended complaint, to which no answer is required; to the extent they may be deemed allegations of fact, denied.

414.    The allegations contained in paragraph 414 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, denied.

415.    The allegations contained in paragraph 415 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, denied.

416.    The allegations contained in paragraph 416 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, denied.

417.    The allegations contained in paragraph 417 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, denied.

418.    The allegations contained in paragraph 418 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, denied.

419.     The allegations contained in paragraph 419 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, denied.

420.     The allegations contained in paragraph 420 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, denied.

421.     The allegations contained in paragraph 421 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, denied.

### Count XX
### Nevada False Claims Act

422.     The allegations contained in paragraph 422 in its amended complaint, to which no answer is required; to the extent they may be deemed allegations of fact, denied.

423.     The allegations contained in paragraph 423 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, denied.

424.     The allegations contained in paragraph 424 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, denied.

425.     The allegations contained in paragraph 425 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, denied.

426.     The allegations contained in paragraph 426 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, denied.

427.     The allegations contained in paragraph 427 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, denied.

428.     The allegations contained in paragraph 428 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, denied.

429.     The allegations contained in paragraph 429 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, denied.

430.     The allegations contained in paragraph 430 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, denied.

## COUNT XXI
## New Jersey False Claims Act

431.     The allegations contained in paragraph 431 constitute the Relator's incorporation by reference to allegations in its amended complaint, to which no answer is required; to the extent they may be deemed allegations of fact, denied.

432.     The allegations contained in paragraph 432 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, denied.

433.     The allegations contained in paragraph 433 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, denied.

434.     The allegations contained in paragraph 434 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, denied.

435.     The allegations contained in paragraph 435 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, denied.

436.     The allegations contained in paragraph 436 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, denied.

437.     The allegations contained in paragraph 437 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, denied.

438.     The allegations contained in paragraph 438 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, denied.

439.     The allegations contained in paragraph 439 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, denied.

## Count XXII
## New Mexico Medicaid False Claims Act

440.    The allegations contained in paragraph 440 constitute the Relator's incorporation by reference to allegations in its amended complaint, to which no answer is required; to the extent they may be deemed allegations of fact, denied.

441.    The allegations contained in paragraph 441 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, denied.

442.    The allegations contained in paragraph 442 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, denied.

443.    The allegations contained in paragraph 443 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, denied.

444.    The allegations contained in paragraph 444 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, denied.

445.    The allegations contained in paragraph 445 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, denied.

446.    The allegations contained in paragraph 446 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, denied.

447.    The allegations contained in paragraph 447 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, denied.

448.    The allegations contained in paragraph 448 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, denied.

**Count XXIII**
**New York False Claims Act**

449.    The allegations contained in paragraph 449 constitute the Relator's incorporation by reference to allegations in its amended complaint, to which no answer is required; to the extent they may be deemed allegations of fact, denied.

450.     The allegations contained in paragraph 450 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, denied.

451.     The allegations contained in paragraph 451 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, denied.

452.     The allegations contained in paragraph 452 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, denied.

453.     The allegations contained in paragraph 453 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, denied.

454.     The allegations contained in paragraph 454 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, denied.

455.     The allegations contained in paragraph 455 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, denied.

456.     The allegations contained in paragraph 456 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, denied.

457.     The allegations contained in paragraph 457 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, denied.

**Count XXIV**
**North Carolina False Claims Act**

458.     The allegations contained in paragraph 458 constitute the Relator's incorporation by reference to allegations in its amended complaint, to which no answer is required; to the extent they may be deemed allegations of fact, denied.

459.     The allegations contained in paragraph 459 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, denied.

460.     The allegations contained in paragraph 460 constitute conclusions of law to which

no answer is required; to the extent they may be deemed allegations of fact, denied.

461.    The allegations contained in paragraph 461 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, denied.

462.    The allegations contained in paragraph 462 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, denied.

463.    The allegations contained in paragraph 463 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, denied.

464.    The allegations contained in paragraph 464 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, denied.

465.    The allegations contained in paragraph 465 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, denied.

466.    The allegations contained in paragraph 466 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, denied.

**Count XXV**
**Oklahoma Medicaid Program Integrity Act**

467.    The allegations contained in paragraph 467 constitute the Relator's incorporation by reference to allegations in its amended complaint, to which no answer is required; to the extent they may be deemed allegations of fact, denied.

468.    The allegations contained in paragraph 468 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, denied.

469.    The allegations contained in paragraph 469 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, denied.

470.    The allegations contained in paragraph 470 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, denied.

471.    The allegations contained in paragraph 471 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, denied.

472.    The allegations contained in paragraph 472 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, denied.

473.    The allegations contained in paragraph 473 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, denied.

474.    The allegations contained in paragraph 474 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, denied.

475.    The allegations contained in paragraph 475 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, denied.

## Count XXVI
## Rhode Island State False Claims Act

476.    The allegations contained in paragraph 476 constitute the Relator's incorporation by reference to allegations in its amended complaint, to which no answer is required; to the extent they may be deemed allegations of fact, denied.

477.    The allegations contained in paragraph 477 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, denied.

478.    The allegations contained in paragraph 478 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, denied.

479.    The allegations contained in paragraph 479 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, denied.

480.    The allegations contained in paragraph 480 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, denied.

481.    The allegations contained in paragraph 481 constitute conclusions of law to which

no answer is required; to the extent they may be deemed allegations of fact, denied.

482.    The allegations contained in paragraph 482 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, denied.

483.    The allegations contained in paragraph 483 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, denied.

484.    The allegations contained in paragraph 484 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, denied.

**Count XXVII**
**Tennessee Medicaid False Claims Act**

485.    The allegations contained in paragraph 485 constitute the Relator's incorporation by reference to allegations in its amended complaint, to which no answer is required; to the extent they may be deemed allegations of fact, denied.

486.    The allegations contained in paragraph 486 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, denied.

487.    The allegations contained in paragraph 487 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, denied.

488.    The allegations contained in paragraph 488 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, denied.

489.    The allegations contained in paragraph 489 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, denied.

490.    The allegations contained in paragraph 490 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, denied.

491.    The allegations contained in paragraph 491 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, denied.

492.    The allegations contained in paragraph 492 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, denied.

493.    The allegations contained in paragraph 493 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, denied.

## Count XXVIII
## Texas Medicaid Fraud Prevention Law

494.    The allegations contained in paragraph 494 constitute the Relator's incorporation by reference to allegations in its amended complaint, to which no answer is required; to the extent they may be deemed allegations of fact, denied.

495.    The allegations contained in paragraph 495 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, denied.

496.    The allegations contained in paragraph 496 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, denied.

497.    The allegations contained in paragraph 497 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, denied.

498.    The allegations contained in paragraph 498 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, denied.

499.    The allegations contained in paragraph 499 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, denied.

500.    The allegations contained in paragraph 500 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, denied.

501.    The allegations contained in paragraph 501 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, denied.

502.    The allegations contained in paragraph 502 constitute conclusions of law to which

no answer is required; to the extent they may be deemed allegations of fact, denied.

## Count XXIX
## Vermont False Claims Act

503.     The allegations contained in paragraph 503 constitute the Relator's incorporation by reference to allegations in its amended complaint, to which no answer is required; to the extent they may be deemed allegations of fact, denied.

504.     The allegations contained in paragraph 504 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, denied.

505.     The allegations contained in paragraph 505 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, denied.

506.     The allegations contained in paragraph 506 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, denied.

507.     The allegations contained in paragraph 507 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, denied.

508.     The allegations contained in paragraph 508 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, denied.

509.     The allegations contained in paragraph 509 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, denied.

510.     The allegations contained in paragraph 510 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, denied.

511.     The allegations contained in paragraph 511 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, denied.

## Count XXX
## Virginia Fraud Against Taxpayers Act

512.     The allegations contained in paragraph 512 constitute the Relator's incorporation

by reference to allegations in its amended complaint, to which no answer is required; to the extent they may be deemed allegations of fact, denied.

513.    The allegations contained in paragraph 513 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, denied.

514.    The allegations contained in paragraph 514 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, denied.

515.    The allegations contained in paragraph 515 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, denied.

516.    The allegations contained in paragraph 516 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, denied.

517.    The allegations contained in paragraph 517 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, denied.

518.    The allegations contained in paragraph 518 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, denied.

519.    The allegations contained in paragraph 519 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, denied.

520.    The allegations contained in paragraph 520 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, denied.

## Count XXXI
## Washington False Claims Act

521.    The allegations contained in paragraph 521 constitute the Relator's incorporation by reference to allegations in its amended complaint, to which no answer is required; to the extent they may be deemed allegations of fact, denied.

522.    The allegations contained in paragraph 522 constitute conclusions of law to which

no answer is required; to the extent they may be deemed allegations of fact, denied.

523.    The allegations contained in paragraph 523 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, denied.

524.    The allegations contained in paragraph 524 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, denied.

525.    The allegations contained in paragraph 525 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, denied.

526.    The allegations contained in paragraph 526 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, denied.

527.    The allegations contained in paragraph 527 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, denied.

528.    The allegations contained in paragraph 528 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, denied.

529.    The allegations contained in paragraph 529 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, denied.

### Count XXXII
### California Insurance Frauds Prevention Act

530.    The allegations contained in paragraph 530 constitute the Relator's incorporation by reference to allegations in its amended complaint, to which no answer is required; to the extent they may be deemed allegations of fact, denied.

531.    The allegations contained in paragraph 531 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, denied.

532.    The allegations contained in paragraph 532 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, denied.

533.    The allegations contained in paragraph 533 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, denied.

534.    The allegations contained in paragraph 534 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, denied.

535.    The allegations contained in paragraph 535 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, denied.

536.    The allegations contained in paragraph 536 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, denied.

537.    The allegations contained in paragraph 537 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, denied.

538.    The allegations contained in paragraph 538 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, denied.

## Count XXXIII
## Illinois Insurance Claims Frauds Prevention Act

539.    The allegations contained in paragraph 539 constitute the Relator's incorporation by reference to allegations in its amended complaint, to which no answer is required; to the extent they may be deemed allegations of fact, denied.

540.    The allegations contained in paragraph 540 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, denied.

541.    The allegations contained in paragraph 541 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, denied.

542.    The allegations contained in paragraph 542 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, denied.

543.    The allegations contained in paragraph 543 constitute conclusions of law to which

no answer is required; to the extent they may be deemed allegations of fact, denied.

544.    The allegations contained in paragraph 544 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, denied.

545.    The allegations contained in paragraph 545 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, denied.

546.    The allegations contained in paragraph 546 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, denied.

547.    Denies each and every allegation not previously admitted or otherwise qualified.

548.    Denies that the Relator is entitled to the relief set forth in the prayer for relief immediately following paragraph 546, or to any relief whatsoever.

549.    Denies the allegations contained in paragraph 182 for lack of knowledge or information sufficient to form a belief as to their truth.

550.    Denies the allegations concerning a "fraudulent scheme" contained in paragraph 183; denies the remaining allegations contained in paragraph 183 for lack of knowledge or information sufficient to form a belief as to their truth.

## **AFFIRMATIVE DEFENSES**

MD Labs sets forth below its affirmative defenses. Each defense is asserted as to all claims against MD Labs. By setting forth these affirmative defenses, MD Labs does not assume the burden of proving any fact, issue, or element of a cause of action where such burden properly belongs to Relator. Nothing stated herein is intended or shall be construed as an admission that any particular issue or subject matter is relevant to Relator's allegations.

## FIRST AFFIRMATIVE DEFENSE

Each claim in the Amended Complaint fails to state a claim upon which relief can be

granted.

## SECOND AFFIRMATIVE DEFENSE

The Amended Complaint and each purported cause of action set forth therein fails to

comply with Fed. R. Civ. P. 9(b) in that the allegations are not stated with particularity.

## THIRD AFFIRMATIVE DEFENSE

The Court lacks jurisdiction over some or all of the allegations made by Plaintiff under

the False Claims Act pursuant to 31 U.S.C. § 3730(e)(4) because (1) the claims, allegations, and

transactions described in the Amended Complaint were "publicly disclosed" prior to the filing

and/or unsealing of the lawsuit and (2) Plaintiff is not an "original source" of the information as

defined by 31 U.S.C. § 3730(e)(4)(A), (B).

## FOURTH AFFIRMATIVE DEFENSE

Relator's claims fail because MD Labs' alleged conduct did not violate the False Claims

Act, 31 U.S.C. §§ 3729 - 3733, or the Anti-Kickback Statute, 42 U.S.C. § 1320a-7b.

## FIFTH AFFIRMATIVE DEFENSE

Relator's claims are barred, in whole or in part, to the extent that they seek to impose on

MD Labs obligations that are inconsistent with, or in excess of, those imposed by existing law

and regulation in effect during the time period of the conduct alleged in the Amended Complaint.

## SIXTH AFFIRMATIVE DEFENSE

Relator's claims are barred because any claims or statements that were allegedly

intended, made, or caused to be made by MD Labs were not false or fraudulent for purposes of

the False Claims Act.

## SEVENTH AFFIRMATIVE DEFENSE

Relator's claims are barred because MD Labs did not cause and could not have caused

the submission of any claim or statement that was false or fraudulent for purposes of the False Claims Act. The formulation and submission of any claims or statement, and any damages alleged by the Relator, if any, are the result of acts or omissions committed by third persons, including agents of the government, over whom MD Labs had neither control nor responsibility, and whose actions cannot be imputed to MD Labs.

EIGHTH AFFIRMATIVE DEFENSE

Relator's claims against MD Labs are barred, in whole or in part, because MD Labs did not act knowingly, willfully, intentionally or recklessly.

NINTH AFFIRMATIVE DEFENSE

Relator's claims are barred because any actions taken by MD Labs with respect to the subject matters alleged in the Amended Complaint were undertaken in good faith, and constitute lawful, proper, justified, and/or privileged conduct in accordance with the governing statutes and regulations.

TENTH AFFIRMATIVE DEFENSE

Relator's claims against MD Labs are barred because MD Labs' conduct was not and would not be material to any alleged payment or receipt of money or property in connection with any alleged false or fraudulent claim or statement.

ELEVENTH AFFIRMATIVE DEFENSE

To the extent that Relator's claims are based on the Anti-Kickback Statute, the alleged behavior falls within the "safe harbor" provisions and regulations of that Statute.

TWELFTH AFFIRMATIVE DEFENSE

MD Labs is entitled to an offset for all amounts the United States has received for any alleged losses which gave rise to this lawsuit.

THIRTEENTH AFFIRMATIVE DEFENSE

Relator's claims are barred, in whole or in part, to the extent that the United States was fully informed of and approved any intended or actual payments at issue.

FOURTEENTH AFFIRMATIVE DEFENSE

Relator's claims are barred, in whole or in part, to the extent that the truth of some or all of the matters now alleged to be the subject of any intended or actual false or misleading statements, acts, or omissions was available or disclosed to the United States, was publicly disclosed, or was in the public domain.

FIFTEENTH AFFIRMATIVE DEFENSE

Relator's claims are barred, in whole or in part, by the applicable statutes of limitations and repose.

SIXTEENTH AFFIRMATIVE DEFENSE

Relator's claims are barred under such equitable doctrines as the evidence demonstrates, including but not limited to the doctrines of estoppel, unclean hands, laches, and waiver.

SEVENTEENTH AFFIRMATIVE DEFENSE

Any award of statutory or punitive damages and/or penalties in excess of any actual damages suffered by the United States violates the Fifth, Sixth, Eighth, and Fourteenth Amendments of the United States Constitution.

EIGHTEENTH AFFIRMATIVE DEFENSE

To the extent the Relator or the United States obtain, or are barred from, recovery in any other case predicated on the same factual allegations, they are barred from seeking recovery against MD Labs pursuant to the doctrines of claim preclusion and issue preclusion, the entire controversy doctrine, and the prohibitions on double recovery for the same injury.

<u>NINETEENTH AFFIRMATIVE DEFENSE</u>

Relator's claims are barred, in whole or in part, because they violate MD Labs' rights under the Due Process and Ex Post Facto clauses of the United States Constitution, insofar as they seek to impose liability retroactively for conduct that is not prohibited by federal statutes or regulations.

<u>TWENTIETH AFFIRMATIVE DEFENSE</u>

Relators' claims are barred, in whole or in party, because they concern claims that Relator expressly released and dismissed, and that are no longer properly before this Court.

**<u>RESERVATION OF RIGHTS TO ASSERT ADDITIONAL DEFENSES</u>**

MD Labs hereby gives notice that it intends to rely upon such other and further defenses as may become available or apparent during pretrial proceedings in this action and hereby reserves all rights to amend this Answer and all such defenses.

**<u>JURY DEMAND</u>**

MD Labs hereby requests a jury on all claims triable by jury.

WHEREFORE, MD Labs respectfully requests that this Court:

i.   enter judgment in favor of MD Labs on all of Relator's claims and dismiss the complaint with prejudice;

ii.  award MD Labs its costs, expenses and attorneys' fees for the defense of this Complaint; and

iii. award MD Labs such other relief as the Court deems just and proper.

Dated: October 27, 2022                Respectfully submitted,

                                       /s/ Seth B. Orkand
                                       Seth B. Orkand (BBO No. 669810)
                                       ROBINSON & COLE LLP
                                       One Boston Place, 25th Floor
                                       Boston, MA 02108
                                       Tel.: 617-557-5915
                                       Fax: 617-557-5999
                                       sorkand@rc.com

                                       Edward J. Heath (*admitted pro hac vice*)
                                       ROBINSON & COLE LLP
                                       280 Trumbull Street
                                       Hartford, CT 06103
                                       Tel.: 860-275-8200
                                       Fax: 860-275-8299
                                       eheath@rc.com

                                       Danielle H. Tangorre (*admitted pro hac vice*)
                                       ROBINSON & COLE LLP
                                       111 Washington Avenue, Third Floor
                                       Albany, NY 12210
                                       Tel.: 212-451-2964
                                       Fax: 518-432-4267

                                       *Attorneys for Defendants MD Spine
                                       Solutions LLC, d/b/a MD Labs Inc., Denis Grizelj,
                                       and Matthew Rutledge*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 27, 2022, I electronically filed the foregoing with the

Clerk of Court using the CM/ECF system which will send notification of such filing to all

registered participants identified on the Notice of Electronic Filing (NEF) and paper copies will

be sent to those indicated as non-registered participants on this date.

*/s/ Seth B. Orkand*
Seth B. Orkand
