# EXHIBIT J

| | |
|---|---|
| **From:** | Denis Grizelj [denis@mdlabs.com] |
| **Sent:** | 3/1/2017 9:44:47 PM |
| **To:** | Matthew Rutledge [matthew@mdlabs.com] |
| **Subject:** | Re: Follow-up to Call - California Workers Comp Question |

When we discussed the Work Comp opportunity that was proposed to us, we agreed to ask our legal team about it.

I don't feel good about our current comp plan and would rather pay money now to get it right than face consequences later. We are non-compliant on the state level in CA and I haven't asked about other states because of costs.  I am not willing to overlook this and feel this deserves serious consideration.

I'm more than happy to turn this over to you since I am far from a legal expert but I have concerns over all this based on what I have learned over the last couple months and the fact that there doesn't seem to be a lab out there that I know of paying reps as 1099s.


Denis Grizelj
MD Labs



From: Matthew Rutledge
Sent: Wednesday, March 1, 5:50 PM
Subject: Re: Follow-up to Call - California Workers Comp Question
To: Denis Grizelj


Dude, we are asking her to do a lot of expensive work...

**Matthew Rutledge**

775-391-LAB1 (5221)

415-834-8721 CA Cell



On Wed, Mar 1, 2017 at 4:32 PM, Denis Grizelj <denis@mdlabs.com> wrote:

Adding Matt to the thread as well.



Anne,

MD0148357

Looking at the 4th AKS bullet.  Is there a black and white definition for bona fide employment relationships?  Also, do you have a copy of the CA law in regards to this topic as well?

In regards to the Work Comp opportunity, I think we will likely pass based on the information you found.

Thanks for the summary,

**Denis Grizelj**



**From:** Redman, Anne M. (Perkins Coie) [mailto:ARedman@perkinscoie.com]
**Sent:** Wednesday, March 01, 2017 4:02 PM
**To:** Denis Grizelj <denis@mdlabs.com>
**Cc:** Schneiderman, Jason (Perkins Coie) <JSchneiderman@perkinscoie.com>; Hanna, Cindy (Perkins Coie) <CHanna@perkinscoie.com>
**Subject:** FW: Follow-up to Call - California Workers Comp Question

Attorney – Client Privileged - Confidential

Denis

Seems like there are two outstanding requests from our recent conversation.

**AKS.** You asked for some additional information on the anti-kickback statute. I hope the following are helpful and not confusing.

Federal Anti-Kickback:  The federal anti-kickback statute prohibits offering payment, soliciting or receiving anything of value to induce or reward referrals or general federal health care program business (medicare,

MD0148358

medicaid, TriCare, etc.)The statute is a criminal statute, and intent must be proven.Possible penalties can be harsh. See the <u>Training Sheet</u> from the federal department of HHS on penalties:

o   The AKS has a statutory and rule exception for "bona fide" employment relationships.

See also the <u>Lab Compliance summary</u> . It's old but still helpful.

Regarding the Stark Law mentioned in the two links, this could apply where there is a financial relationship between MD Labs and a physician referring federal medicare lab business.  The Stark Law is a civil statute with stiff financial penalties and does not require intent. Generally this law should not apply to your sales arrangements so long as MDLabs does not have any written or other arrangements with physicians referring for lab services or, if it does, that the MDLabs – Physician arrangement/contract fits within a statutory exception. Any lab-physician agreement should be reviewed by counsel to make sure it fits within a Stark Law exception.

I've attached the information we provided on the California AKS law we've discussed previously

**Workers' Comp Opportunity.** You also asked about a possible contract with an MSO organization in California that would like to arrange for the purchase and "direct client" billing of lab tests for Workman's Comp patients.

Unfortunately, there is a <u>California law</u> (California Business and Professions code Section 655.5) that requires disclosure of the name, address and charges of the lab performing the test where the licensed professional billing for the test has not performed the test (or supervised it). This law also prohibits a mark-up of the test, see subsection (c) of the law.

It's not clear what the billing arrangement being proposed would be. We assume that there would be a mark-up, and that the referring physician/medical practice would be billing for the test. It's also not clear whether the required disclosure would be made.

The risk of violating the California law would fall on the billing physician and not directly on the lab. Nonetheless, this does not add up to risk free for MDLabs – unless there will be compliance with the statute. Probably worth asking?

MD0148359

Please let me know if there are questions or you'd like to talk.

Anne

**Anne Redman | Perkins Coie LLP**

**PARTNER**

1201 Third Avenue Suite 4900

Seattle, WA 98101-3099

D. +1.206.359.6750

F. +1.206.359.7750

E. ARedman@perkinscoie.com

NOTICE: This communication may contain privileged or other confidential information. If you have received it in error, please advise the sender by reply email and immediately delete the message and any attachments without copying or disclosing the contents. Thank you.

MD0148360