# EXHIBIT K

| From: | Denis Grizelj [/O=EXCHANGELABS/OU=EXCHANGE ADMINISTRATIVE GROUP (FYDIBOHF23SPDLT)/CN=RECIPIENTS/CN=66FB5C815A854E229BF0180C81FF3952-DENIS] |
|---|---|
| Sent: | 2/17/2017 12:49:06 PM |
| To: | Redman, Anne M. (Perkins Coie) [ARedman@perkinscoie.com] |
| Subject: | RE: Contracted Sales Rep Agreement. |

Will do.  I also have a quick question for you in regards to a third party billing scenario that has been proposed to us.  That should only take a couple of minutes, I think our risk is non-existent but wanted to make sure since we will be speaking in a bit.

Thanks,

Denis Grizelj



**From:** Redman, Anne M. (Perkins Coie) [mailto:ARedman@perkinscoie.com]
**Sent:** Friday, February 17, 2017 9:39 AM
**To:** Denis Grizelj <denis@mdlabs.com>
**Subject:** RE: Contracted Sales Rep Agreement.

Great. You can call me at the number below.  Thanks.

**Anne Redman | Perkins Coie LLP**
PARTNER
1201 Third Avenue Suite 4900
Seattle, WA 98101-3099
D. +1.206.359.6750
F. +1.206.359.7750
E. ARedman@perkinscoie.com

**From:** Denis Grizelj [mailto:denis@mdlabs.com]
**Sent:** Friday, February 17, 2017 9:15 AM
**To:** Redman, Anne M. (SEA)
**Subject:** RE: Contracted Sales Rep Agreement.

That'll work.

Thank you,

Denis Grizelj



**From:** Redman, Anne M. (Perkins Coie) [mailto:ARedman@perkinscoie.com]
**Sent:** Friday, February 17, 2017 9:05 AM
**To:** Denis Grizelj <denis@mdlabs.com>
**Subject:** RE: Contracted Sales Rep Agreement.

Hi Denis, does 11:00 Pacific time work for you?

**Anne Redman | Perkins Coie LLP**
PARTNER

MD0147845

1201 Third Avenue Suite 4900
Seattle, WA 98101-3099
D. +1.206.359.6750
F. +1.206.359.7750
E. ARedman@perkinscoie.com

---

**From:** Denis Grizelj [mailto:denis@mdlabs.com]
**Sent:** Thursday, February 16, 2017 5:23 PM
**To:** Redman, Anne M. (SEA)
**Cc:** Schneiderman, Jason (PAO); Hanna, Cindy (SEA)
**Subject:** RE: Contracted Sales Rep Agreement.

Sorry for the confusion, I re-read the highlighted comment in point #1 and realized that I thought you said doesn't instead of does. I have some time in the morning tomorrow available. When are you free?

Thanks,

Denis Grizelj



---

**From:** Redman, Anne M. (Perkins Coie) [mailto:ARedman@perkinscoie.com]
**Sent:** Thursday, February 16, 2017 4:48 PM
**To:** Denis Grizelj <denis@mdlabs.com>
**Cc:** Schneiderman, Jason (Perkins Coie) <JSchneiderman@perkinscoie.com>; Hanna, Cindy (Perkins Coie) <CHanna@perkinscoie.com>
**Subject:** RE: Contracted Sales Rep Agreement.

Denis,

Is there a good time for a call. I am not sure I follow your comment. I am available tomorrow, times Monday morning and later next week. Anne

**Anne Redman | Perkins Coie LLP**
PARTNER
1201 Third Avenue Suite 4900
Seattle, WA 98101-3099
D. +1.206.359.6750
F. +1.206.359.7750
E. ARedman@perkinscoie.com

---

**From:** Denis Grizelj [mailto:denis@mdlabs.com]
**Sent:** Saturday, February 11, 2017 8:21 AM
**To:** Redman, Anne M. (SEA)
**Cc:** Schneiderman, Jason (PAO); Hanna, Cindy (SEA)
**Subject:** RE: Contracted Sales Rep Agreement.

Anne,

Based on the highlighted comment below, our current model where we pay a percentage based commission for all business should be fine then, correct?

Thanks for the thorough response. It may be best to talk it through sometime next week and we can put it on the meter.

Denis Grizelj

MD0147846



**From:** Redman, Anne M. (Perkins Coie) [mailto:ARedman@perkinscoie.com]
**Sent:** Friday, February 10, 2017 5:05 PM
**To:** Denis Grizelj <denis@mdlabs.com>
**Cc:** Schneiderman, Jason (Perkins Coie) <JSchneiderman@perkinscoie.com>; Hanna, Cindy (Perkins Coie) <CHanna@perkinscoie.com>
**Subject:** RE: Contracted Sales Rep Agreement.

Hi Denis,

To respond to your questions:

1.      On the issue of paying sales commissions to independent contractors, does it affect the anti-kickback risk associated with percentage compensation if the contractor with MDLabs is an individual rep or a firm (entity) that employs or contracts with individual reps.

Probably not. I don't see mention of this distinction in the OIG opinions and cases. The OIG does count direct contact between the rep and the ordering physician or beneficiary as negative factors. I don't see this concern is reduced by contracting with a company rather than directly with the rep.

The regulators' rationale for distinguishing between employed sales reps and independent contractors is that the supplier of the test can have control and responsibility for its employed reps, whereas the supplier probably has very little control over a contracted rep.

There may be other reasons to prefer contracting with a company rather than an individual rep.

2.      How about a "flat commission" rather than a percentage for the government program business?
3.      How about no commission on government program business? Or just a monthly retainer?

I am not sure a "flat commission" is better than a percentage if it is based on the number of tests. E.g. $X per test.

Also, carving out government program business for "employment" may not be a good strategy. The bona fide employment exception under the federal law requires the relationship to be "bona fide" with control by the employer.  It seems unlikely the sales reps would be employees for some payors and not for others and that there would in fact be a different degree of control. If the sales rep misbehaves, the distinction might be a speed bump, but not a barrier to legal liability.

See below regarding not paying commissions on government program business referred by a rep.

The regulatory concern here is that MDLabs not indirectly provide remuneration/ freebies/ benefits to the referring physician (or other source of business) on the account to induce referrals of tests paid for by government health programs. MDLabs choices:

- Not accepting government program business - obviously, bad for business.
- Not paying commissions on government program business. This implies that the rep is getting a commission indirectly on the commercial business.  The regulators are distrustful of these carve out arrangements.
- Paying a monthly retainer/flat fee for each account seems less likely to induce referrals of this business but is this practical for you.
- Employing sales reps.

Please advise if you'd like to talk about this. I realize you want to be economical with legal fees, but I'll save some time for call off the meter.

Best regards, Anne


**Anne Redman | Perkins Coie LLP**
PARTNER
1201 Third Avenue Suite 4900

MD0147847

Seattle, WA 98101-3099
D. +1.206.359.6750
F. +1.206.359.7750
E. ARedman@perkinscoie.com

---

**From:** Denis Grizelj [mailto:denis@mdlabs.com]
**Sent:** Thursday, February 09, 2017 2:58 PM
**To:** Redman, Anne M. (SEA)
**Subject:** RE: Contracted Sales Rep Agreement.

Anne,

A third question that I thought of in the meantime is if for whatever reason we had to pay them as employees for federal business, what if we just put in our contracts that we are only going to pay them as independent contractors and not pay for federal business?  In this case, would it be OK to give them a monthly retainer if needed?

Thanks,

Denis Grizelj



---

**From:** Redman, Anne M. (Perkins Coie) [mailto:ARedman@perkinscoie.com]
**Sent:** Tuesday, February 07, 2017 9:28 PM
**To:** Denis Grizelj <denis@mdlabs.com>
**Subject:** Re: Contracted Sales Rep Agreement.

Denis I'll get back to you tomorrow - good question. Anne

Sent from my iPhone

On Feb 7, 2017, at 3:18 PM, Denis Grizelj <denis@mdlabs.com> wrote:

Hi Anne,

I wanted to circle in regards to the highlighted bullet below.  I don't want to spend too much time on this initially but was wondering if it made a difference if it were individual reps or if the same held true for business entities?  We only contracted with distributor companies that have a sales team below them so I am wondering if this would pertain to us from what you have reviewed.
If they are lumped together then would it be ok to pay a flat rate commission for those specimens instead of a percentage?  While a multi-tiered compensation plan would not be ideal, I would much rather keep our sales force on as independent contractors since we can't enforce what they do (or sell besides our services) on a regular basis.

Thanks,

Denis Grizelj

<image001.png>

---

**From:** Redman, Anne M. (Perkins Coie) [mailto:ARedman@perkinscoie.com]
**Sent:** Tuesday, December 06, 2016 5:10 PM
**To:** Denis Grizelj (denis@mdlabs.com) <denis@mdlabs.com>
**Cc:** Schneiderman, Jason (Perkins Coie) <JSchneiderman@perkinscoie.com>; Ripke, Jill (Perkins Coie)

MD0147848

<Jripke@perkinscoie.com>; Hanna, Cindy (Perkins Coie) <CHanna@perkinscoie.com>
**Subject:** Contracted Sales Rep Agreement.

Confidential – Attorney Client Privileged

Denis,

Following up on our call last week, we have further revised the sales representative agreement. A marked and clean copy are attached.  Changes made include:

* Additional description of specimen collection services and charges on an Addendum A. We can be more specific once you decide how to pay for these services, or leave it to be determined.
* Compensation for services moved to Addendum B.
* Provision for execution of a Business Associate Agreement at the same time as this agreement.
* Law and venue are blank – see comment below.

We also have done some additional review regarding specimen collection and regarding the federal and state anti-kickback laws as they apply to the contracted sales rep arrangements. We have tried to be efficient in our legal research and reviews to minimize your costs and not repeat work you may have done previously on these issues.

Please consider the following issues in reviewing this agreement and let's discuss the best approach:

* There are federal and state anti-kickback statute issues associated with compensation of independent contractor marketing representatives on a commission (volume of business generated) basis. We looked at California law.  Percentage based compensation has been found to violate the California anti-kickback statute as it applies to MediCal business.  At a federal level, the Office of the Inspector General has expressed concern about percentage based compensation for independent marketing agents, and particularly where there is direct contact between the marketing rep and the referring physicians; this federal law impacts medicaid and medicare business.  These statutes (federal and state) generally contain an exception for sales reps that are employed by the seller of the service.

* As you mentioned to us, some states prohibit the placement of specimen collectors in physician offices. We did check California law, and it does restrict the placement of "phlebotomists" in physician offices – which we believe would also apply to urine specimen collectors.

Let's have a call after you have reviewed the revised agreement.  We look forward to talking with you.  Anne

**Anne Redman | Perkins Coie LLP**
PARTNER
1201 Third Avenue Suite 4900
Seattle, WA 98101-3099
D. +1 206.359.6750
F. +1.206.359.7750
E: ARedman@perkinscoie.com

NOTICE: This communication may contain privileged or other confidential information. If you have received it in error, please advise the sender by reply email and immediately delete the message and any attachments without copying or disclosing the contents. Thank you.

NOTICE: This communication may contain privileged or other confidential information. If you have received it in error, please advise the sender by reply email and immediately delete the message and any attachments without copying or disclosing the contents. Thank you.

NOTICE: This communication may contain privileged or other confidential information. If you have received it in error, please advise the sender by reply email and immediately delete the message and any attachments without copying or disclosing the contents. Thank you.

MD0147849

NOTICE: This communication may contain privileged or other confidential information. If you have received it in error, please advise the sender by reply email and immediately delete the message and any attachments without copying or disclosing the contents. Thank you.

NOTICE. This communication may contain privileged or other confidential information. If you have received it in error, please advise the sender by reply email and immediately delete the message and any attachments without copying or disclosing the contents. Thank you.

NOTICE: This communication may contain privileged or other confidential information. If you have received it in error, please advise the sender by reply email and immediately delete the message and any attachments without copying or disclosing the contents. Thank you.

MD0147850