# EXHIBIT 1

Robinson+Cole

SETH ORKAND

One Boston Place, 25th floor
Boston, MA 02108-4404
Main (617) 557-5900
Fax (617) 557-5999
sorkand@rc.com
Direct (617) 557-5915

Also admitted in New York

**By Electronic Mail**

October 13, 2022

Thomas M. Kenny, Esq.
David B. Harrison, Esq.
Eric H. Jaso, Esq.
Rachel N. Seville, Esq.
Spiro | Harrison
363 Bloomfield Avenue, Suite 2C
Montclair, NJ 07042

Re: *U.S. ex rel. Omni Healthcare Inc. v. MD Spine Solutions LLC et al.* (18-cv-12558-PBS)

Dear Counsel:

As you know, our firm represents Defendants MD Spine Solutions LLC d/b/a MD Labs Inc., Matthew Rutledge and Denis Grizelj ("MD Labs & Owners") in connection with the above-referenced litigation pending in the District of Massachusetts.

In advance of a meet and confer to discuss a discovery plan to propose to the Court prior to the Rule 26(f) conference, the parties should reach agreement on the allegations that remain at issue in the litigation following the Court's decision on MD Labs & Owners' Motion to Dismiss Relator's Amended Complaint (the "Motion").

You will recall that MD Labs & Owners argued in their Motion that Count I of the Amended Complaint and the analogous state law claims were predicated in part on allegations previously dismissed or released pursuant to their settlement agreement with the United States and the Court's subsequent dismissal order of February 7, 2022 (ECF No. 67). Specifically, MD Labs & Owners argued that Count I of the Amended Complaint referenced and relied on allegations that are irrelevant to UTI testing, including allegations concerning pharmacogenetic and UDT testing (¶¶ 16, 97, 184, 200, 201), the use of improper billing codes and billing code modifiers (¶¶ 17, 18, 97, 117-123, 179), the waiver of patient copay and coinsurance amounts (¶ 174), kickbacks

and fraudulent inducements (¶¶ 18, 98, 177, 178, 191), pass-through billing (¶¶ 97, 104-116, 181) and violation of certain Medicare regulations (¶ 99).

At the August 4, 2022 hearing on the Motion, the Court questioned Mr. Kenny on the Relator's theory of liability:

> So Count 1 is a little bit of a, I don't know, a generalized count under all the different prongs of the FCA. What is your theory of liability? Are you just going after the medically unnecessary tests, or are you also asserting – what were the other things? – the kickbacks and the false billing codes?

Tr. 21:18-23.

Mr. Kenny responded that with respect to the two specific claims referenced in the Amended Complaint, "we don't specifically allege kickbacks as part of those claims, that's correct . . . We allege that MD Labs submitted those false claims for these medically unnecessary tests to Medicare." *Id.* at 22:13-16; 18-20. The Court pressed Mr. Kenny further, asking, "Right, that narrows down the case. This is about, in your view, claims for unnecessary testing?" *Id.* at 23:6-7. Mr. Kenny confirmed, "Yes, at this point, at the pleading stage, yes. Yes, based on the information we have today, yes." *Id.* at 23:8-10. The Court concluded, "*This is only an unnecessary testing case*, and thank you for clarifying that." *Id.* at 23:22-23 (emphasis added).

Although the Court denied the Motion, it discussed the factual background without mentioning any of the aforementioned allegations unrelated to allegedly unnecessary testing. Moreover, the Court's entry on the docket notes that it denied the Motion "as to the FCA claim regarding the medically unnecessary testing allegations . . . ." (ECF No. 116).

Based on Mr. Kenny's colloquy with the court at the hearing and the Court's memorandum and order on the Motion, we understand that this case is limited to the medical necessity of UTI testing processed by MD Labs, and that the aforementioned paragraphs of the Amended Complaint are extraneous and unrelated to the theory of liability on which the Relator will proceed at trial.

If you agree, then it appears that the appropriate next step is for your client to file a Second Amended Complaint that removes these surplus paragraphs, namely ¶¶ 16-18, 97, 99, 104-116, 117-123, 177-179, 181 184, 191, 200 and 201. In the alternative, MD Labs & Owners would not

Robinson+Cole



object to filing a joint stipulation concerning the limited scope of the Relator's theory of liability under the False Claims Act and analogous state statutes, which would include referencing those allegations as moot.

In order to avoid unnecessary motion practice, please inform us no later than October 18, 2022 as to the Relator's position on this subject matter.

Sincerely,

Seth Orkand

cc: MD Labs Inc.
Matthew Rutledge
Denis Grizelj
Danielle H. Tangorre, Esq.
Edward J. Heath, Esq.

SPIRO | HARRISON

Thomas M. Kenny
tkenny@spiroharrison.com
Direct Dial: 973.232.0890

October 18, 2022

**VIA EMAIL**

Seth Orkand, Esq.
Robinson & Cole LLP
One Boston Place, 25th floor
Boston, MA 02108
sorkand@rc.com

**Re:** ***U.S. ex rel. Omni Healthcare Inc. v. MD Spine Solutions LLC* et al. (18-cv-12558-PBS)**

Dear Mr. Orkand:

We write to respond to your October 13, 2022 letter on behalf of MD Labs & Owners. Relator does not believe it is appropriate to amend its pleading or withdraw certain of the allegations in its pleading. The Court's Memorandum and Order (the "Order") denying MD Labs & Owners' motion to dismiss Relator's Amended Complaint speaks for itself. If the Court had wanted to strike or otherwise eliminate allegations from Relator's Amended Complaint, it could have done so. Nothing in the Order though says anything about dismissing any specific allegations. The Order makes clear that it is denying MD Labs & Owners' motion to dismiss "as to the FCA claim regarding medically unnecessary testing allegations." ECF #116 at 17.

While not explicitly stated, to the extent your letter is requesting that Relator agree to foreclose potential topics of discovery based on the allegations MD Labs & Owners claim the Relator should remove from the Amended Complaint, such a request is not appropriate and not supported by any language in the Order or in supporting case law. As set forth in Relator's opposition to MD Labs & Owners' motion to dismiss and not addressed by MD Labs & Owners on reply, the District of Massachusetts has held that "'the Anti-Kickback Statute and the FCA were not drafted to cabin healthcare providers' liability for certain types of false claims or for certain types of illegal kickbacks. Instead, Congress intended both statutes to reach a broad swath of 'fraud and abuse' in the federal healthcare system.'" *United States ex rel. Bawduniak v. Biogen Idec, Inc.*, Civil Action No. 12-cv-10601-IT, 2018 U.S. Dist. LEXIS 70848, at *16-17 (D. Mass. Apr. 27, 2018) (quoting *United States ex rel. Greenfield v. Medco Health Sols., Inc.*, 880 F.3d 89, 96 (3d Cir. 2018)).

A medical service provider violates the Anti-Kickback Statute whenever it pays kickbacks to induce referrals and submit claims, regardless of whether the doctor would have referred the patients absent the kickbacks and regardless of whether the patient would have chosen the service provider absent the referral. *Id.* Similarly, the First Circuit has found that "[i]f kickbacks affected the transaction underlying a claim…the claim failed to meet a condition

of payment." *United States ex rel. Hutcheson v. Blackstone Med., Inc.*, 647 F.3d 377, 394 (1st Cir. 2011).

In the Order, the Court noted that it "may consider the Settlement Agreement and the individual defendants' acknowledgments within it." ECF #116 at 12. Additionally, concurrent with the Settlement Agreement in this matter, MD Labs & Owners entered into a Corporate Integrity Agreement with the Office of the Inspector General of the Department of Health and Human Services "to promote compliance with the statutes, regulations, and written directives of Medicare, Medicaid, and all other Federal health care programs…" The Corporate Integrity Agreement requires MD Labs to establish and maintain a minimum compliance program which includes appointing a Compliance Officer who shall be an employee and senior manager at MD Labs. *Id.* at page 3. The Corporate Integrity Agreement requires MD Labs & Owners to

> develop and implement written policies and procedures regarding the operation of its compliance program, including the compliance program requirements outlined in this CIA and MD Labs' compliance with Federal health care program requirements (Policies and Procedures). The Policies and Procedures also shall address compliance with 42 U.S.C. § 1320a-7b(b) (Anti-Kickback Statute) and 42 U.S.C. § 1395nn (Stark Law), and the regulations and other guidance documents related to these statutes, and shall include a written review and approval process for Arrangements, the purpose of which is to ensure that all Arrangements do not violate the Anti-Kickback Statute and the Stark Law.

*Id.* at page 5. The Corporate Integrity Agreement makes clear that it covers activity related to improper payments of kickbacks by MD Labs & Owners medical service providers.

The Federal Rules of Civil Procedure and the federal courts permit broad discovery generally and specifically relating to the Anti-Kickback Statute and related topics. As part of the Settlement Agreement and Corporate Integrity Agreement, MD Labs & Owners have acknowledged improper conduct concerning kickbacks for urine drug testing. It is logical, and in accordance with the Order, that the Relator should have the right to probe in discovery any payment of kickbacks arranged by MD Labs & Owners to induce referrals and submit claims for UTI testing. There is no basis at the outset of discovery to bar Relator from seeking information directly relevant to its claims.

Very Truly Yours,
*/s/ Thomas M. Kenny*
Thomas M. Kenny

Robinson+Cole

SETH ORKAND

One Boston Place, 25th floor
Boston, MA 02108-4404
Main (617) 557-5900
Fax (617) 557-5999
sorkand@rc.com
Direct (617) 557-5915

Also admitted in New York

***By Electronic Mail***

October 27, 2022

Thomas M. Kenny, Esq.
David B. Harrison, Esq.
Eric H. Jaso, Esq.
Spiro | Harrison
363 Bloomfield Avenue, Suite 2C
Montclair, NJ 07042

Re: *United States of America et al. v. MD Spine Solutions LLC et al.* (18-cv-12558-PBS)

Dear Counsel:

We are in receipt of your October 18, 2022 response (the "Response Letter") to my October 13, 2022 letter. MD Labs & Owners disagree with your contentions in the Response Letter that the Relator is entitled to take discovery regarding any of the topics that were the subject of my October 13, 2022 letter. MD Labs & Owners intend to address the proper scope of discovery regarding the medical necessity of UTI testing claims retained by Relator through the Rule 26(f) discovery planning process, and, to the extent necessary, in response to specific discovery requests propounded by Relator.

Sincerely,

Seth Orkand

Cc: MD Labs Inc.
Matthew Rutledge
Denis Grizelj
Edward J. Heath, Esq.
Danielle A. Tangorre, Esq.